COMMISSIONERS of EDENTON *v.* G. W. and WM. R. CAPE-HEART.

A defendant cannot, by demurrer, avail himself of a defence denying his violation of a town ordinance. The averments of the complaint as to such violation, in the absence of an answer, must be taken as true.

The private Act of March, 1870, chap. 123, gives the Commissioners of the town of Edenton power to tax *all* persons who pack and ship fish, &c., from said town, whether residents or not.

(*Commissioners of Wilmington* v. *Roby*, 8 Ired. 250; *Commissioners of Plymouth* v. *Pettyjohn*, 4 Dev. 59; *Whitfield* v. *Longest*, 6 Ired. 268; *Worth* v. *Commissioners of Fayetteville*, Winst. Eq. 70; *Watts* v. *Scott*, 1 Dev. 291, cited and approved.)

CIVIL ACTION tried at the Spring Term, 1874, of CHOWAN Superior Court, before his Honor, *Judge Albertson.*

This action, for the recovery of a penalty under a town ordinance, was brought at first in a Justice's Court, and judgment rendered against the defendants, who appealed to the Superior Court. The defendants, citizens and residents of the State,

though not of the town of Edenton, were owners of a fishery on Albemarle Sound, and pack large quantities of fish on ice in boxes and ship them fresh. The fish are brought ready boxed and iced from their fishery in small boats and vessels which connect with steamers at Edenton, upon which they are carried to northern markets. Sometimes the fish are hoisted from these small boats immediately to the decks of the steamers, but are more frequently landed from these boats upon a wharf within the corporate limits of said town, and from that wharf to the steamers.

The Commissioners of the town of Edenton, by virtue of its charter, amended and re-enacted March, 1870, chap. 123, sec. 14, Private Laws of that session, are empowered to annually levy and collect the following taxes. Every person, firm or company, who buys and sells, packs, ships or re-ships, within the limits of said town, shad, herring or other fish, if a resident of the State, shall pay a tax not exceeding twenty-five dollars.

The charter further provides on failure of the person so liable to be assessed, to list the subject or property according to the provisions of the act, a double tax shall be collected by warrant in the name of the Commissioners before the Mayor, or a Justice of the Peace.

The lawful authorities of said town levied a tax of ten dollars on the defendants, and upon their refusal to pay recovered judgment in double the amount.

On the trial before his Honor it was contended for the defendants that they were not liable to the tax, because,

(1.) They are not residents of said town;

(2.) They did not ship or re-ship fish in the town of Edenton, as contemplated by the act, but that when they used the wharf as above recited, it was only as a means of reaching the steamers.

His Honor holding with defendants on the foregoing points, gave judgment dismissing the action, from which judgment the plaintiffs appealed.

*A. M.* and *J. A. Moore*, for appellants.
No counsel *contra* in this Court.

RODMAN, J.   We find it convenient in considering the points of defence to reverse their order.   The second point, is that what defendant did did not amount to a shipping of fish from the town within the meaning of the ordinance and act authorizing it.

The case states that the action was tried upon demurrer. No answer appears to have been made before the Justice, and none could be made in the Superior Court because the appeal was by the defendant from a judgment for less than $25, in which case the finding of the facts by the Justice is final.   C. C. P., secs. 539–540.

The demurrer of course admitted all the facts averred in the complaint.   The complaint alleges that defendant violated ordinance No. 43, made under section 14 of the act of 28th March, 1869.   Upon the authorities, this is a sufficient averment that defendant did some act by which under that act and ordinance he become liable to a town tax, e. g., shipped fish from within the town.   *Watts* v. *Scott*, 1 Dev., 291.   If the defendant had meant to put in issue, that what he did, was not a shipping of fish within the ordinance as properly understood, he should have answered, either stating specially what he had done, and denying that he had otherwise acted in violation of the ordi_nance, or have defended generally, and procured the Justice to find the special facts.   In either of these ways the question of law could have been presented to the Superior Court, whether the acts of the defendant brought him within the ordinance. But as the case is, whether by a demurrer before the Justice, the defendant admitted the facts alleged or upon a general traverse the Justice found that he had done the acts alleged, in either aspect, the question of fact as to his having "shipped fish," &c., was not open in the Superior Court.   On the second point for the defence, therefore, viz : that defendant had not shipped fish within the meaning of the ordinance and act of

1869, we think it is not open to the defendant to deny it, and that he is concluded by the proceedings before the Justice.

2. The first point of the defence is that he was a non-resident of the town, and therefore not bound by the town ordinance.

We have had some difficulty in coming to the conclusion that this defence is open to the defendant upon the pleadings. But we consider that it is. If the ordinance had been confined by its terms to residents of the town, then upon the authorities the general averment in the warrant that defendant became liable to the tax, would have included by implication, an averment of every fact necessary to constitute the liability, including the fact of residence. *Watts* v. *Scott*, 1 Dev., 291. But, as by its terms, the ordinance is applicable to all persons who ship fish from within the town; if by law residence is necessary to give the town jurisdiction, the complaint should contain an express averment of that fact, which it does not. The defendant is therefore at liberty to contend that the complaint is defective in not containing an averment of his residence within the town, and thus to present the question whether residence is necessary to make him liable to the tax.

The act of Assembly gives to the Commissioners of the town power to tax all persons who ship fish, &c., from within the limits of the town, and the ordinance is equally general and extensive. Neither are in their terms limited to residents in the town. If therefore, the proposition of the defendant is correct, it can be only because the Legislature has not the power to give to a town authority to tax persons who do business within it, by reason of that business, unless they also reside within the town; or because such an authority would be so manifestly unjust, that it cannot be supposed that the Legislature meant to confer it, if the act be susceptible of any other possible construction.

Undoubtedly it is true as a general rule that a corporation can impose a personal tax on its own members alone, and

membership of a town corporation is constituted in this State, by simple residence in the town and not otherwise. But this is not inconsistent with a power in the town to tax property within it owned by non-residents, or to tax persons who do any given kind of business within the town, for the privilege of doing that business, although they do not, strictly speaking, reside in it. These have the benefit of the streets and wharves and other conveniences of the town as far as they are needed for the business, as fully as residents do, and there can be nothing inequitable or unreasonable in putting upon them in respect to that business, the same burdens which are borne by all others who carry it on. The principle contended for would go to the length of enabling a tradesmen or shopkeeper, all of whose business is done in a town, to escape a town tax on the business by merely having his dwelling beyond the town limits. It would also deprive towns of the right to tax travelling showmen and other itinerant dealers, and would be necessarily prejudicial to towns as disparaging their own population to the benefit of non-residents.

We are not aware of any authority for the principle contended for, and there are several cases in direct opposition to it. In *Comm'rs. Wilmington* v. *Roby*, 8 Ired., 250, the Chief Justice says " It is settled that by coming within the town and acting there, a person becomes liable as an inhabitant and member of the corporation," and it was held that a transient trader was liable to a tax on traders. See also *Comm'rs. of Plymouth* v. *Pettyjohn*, 4 Dev. 591 ; *Whitfield* v. *Longest*, 6 Ired., 368.

In this last case, NASH, J., for the Court, says " All who bring themselves within the limits of the corporation are, while there, citizens so as to be govered by its laws." He cites and approves *Pierce* v. *Bartram*, Cowp., 269 ; *Village of Buffalo* v. *Webster*, 10 Wend., 99. See also *Worth* v. *Comm'rs. of Fayetteville*, 1 Winst. Eq., 70. We think there was error in the judgment below, which is reversed, and the demurrer over-

ruled. Ordinarily when a demurrer is overruled, the case is sent back to the Superior Court to allow the defendant to·answer ; but in the present case, as the facts cannot·be tried over again, (C. C. P., secs. 539, 540,) there would be no use in remanding it.

PER CURIAM. Judgment for plaintiff.