Stewart v. Smiley, Administrator.

STEWART V. SMILEY, AD.

1. ADMINISTRATION:  *Appointment of administrator.  Necessity for.*
   The appointment of an administrator by the probate court is an adjudication of the necessity for the appointment, which is conclusive in a collateral issue.

2. SAME:  *Lien upon lands for payment of debts not perpetual.*
   The charge upon a decedent's lands for payment of his debts is not perpetual.  The heirs cannot be forever deterred from the possession of the lands of their ancestor by the neglect of the administrator or creditors to enforce payment of the debts.

3. SAME:  *Administrator's right to the lands.*
   An administrator has no control of his intestate's lands when not needed for payment of his debts, nor of the rents due from the lessees of his heirs; and cannot collect them as administrator even by consent of the heirs, but only as their agent.  Such consent does not make him the tenant's landlord.

APPEAL from *St. Francis* Circuit Court.
Hon. M. T. SANDERS, Circuit Judge.

*George H. Sanders*, for appellant.

To support the action of attachment to enforce a lien for rent, the relation of landlord and tenant must exist. As to who and what a tenant is, see *Wood on Land. and Ten., see. 1.*  The appellee *was not* the landlord of appellant; he was the tenant of the heirs, and could not attorn to a stranger, or change his relation.  The relation of landlord and tenant once being fixed, is a covenant which runs with the land.  *Ib., secs. 310, 309.*

The debts having been paid, the administrator *de bonis non* had no concern or interest in the lands or its rents, and he could not, by virtue of his office, assume the position of landlord.  *Sec. 4161, Mansf. Dig.,* gives an original

administrator all the rights of the intestate as to tenants; but where the debts are paid and the estate settled, and the heirs have taken possession, an administrator *de bonis non* has no such authority. He has no interest in the lands and no control whatever over them. *27 Ark., 238; 5 ib., 607, 629; 30 ib., 778; 33 ib., 676; 37 ib., 159; Schouler, ex. and ad., 212; 22 Maine, 305; 38 Mich., 802; 55 N. H., 9; Schouler, ex. and ad., 213, 509, 510;* see, *Filby v. Cowen, 45 Wisc., 471; 32 ib., 379.*

Having no authority by law, *as administrator*, and the heirs could not make him the landlord of appellant. They might make him their agent to receive the rent, and his receipt would have discharged the debt for rent, but they could not invest him with authority to enforce the statutory landlord's lien. The lien cannot be assigned or transferred—it is personal. *31 Ark., 597; 36 ib., 561; 39 ib., 345.*

*The Appellee, pro se.*

*First*—The appellant having occupied the lands of the intestate, is liable.

*Second*—Appellant having attorned to the administrator, and having agreed to pay him the rent, is estopped to deny his right. *Mansf. Dig., sec. 68, 2522; 2 Blk. 57; 1 Wash., R.. P., 40, 489.*

The probate court having passed upon the necessity of an administrator *de bonis non*, the propriety or regularity of the appointment cannot be inquired into collaterally. *11 Ark., 579; 23 Wall., 108.*

STATEMENT.

John Davis died in 1871 or 1872; administration was had upon his estate, and through it the debts were all paid.

When the administration begun is not disclosed, but the administrator died in 1876, and no move was made in the matter in the probate court until the appellee was appointed administrator *de bonis non* in 1883. After the debts were paid, and before the appellee's appointment, the heirs took possession of the real estate, filed a bill for its partition and procured an order of sale for that purpose. Shortly before the appellee's appointment they leased the lands, or a part of them, to the appellant for the year 1883 for a stipulated sum to be paid them as rent. After the appellee was appointed administrator, the agent who had negotiated the contract of lease for the heirs went with him to the tenant, the appellant, and informed him that the administrator was the proper party to collect the rent, and directed him to pay the same to him. The appellant expressed a willingness to pay the rent to the administrator when it should become due, if he was authorized to receive it; and according to the administrator's testimony, subsequently promised to pay it to him. He failed to do so, however, and the administrator caused the crop on the land to be attached for the rent under the statute authorizing the proceeding to enforce the landlord's lien. The attachment was sustained and a personal judgment rendered against the appellant in favor of the administrator.

OPINION.

COCKRILL, C. J. It is probable that there was no real necessity for the appointment of an administrator *de bonis non*—at least none is apparent from the record. The probate court, having jurisdiction in the matter, has adjudged, however, that the necessity existed, and that adjudication is conclusive in a collateral issue. *Adams v. Thomas, 44 Ark., 267.*

1. ADMINIS-
TRATOR:
Necessity
for ap-
pointment.

Conceding that the appellee is the lawful administrator of the estate, his authority to sue for the rents of the real estate does not follow. The statute confers the power upon an administrator to control the lands of his intestate for the purpose of paying debts. His authority in that respect is derived solely from the statute, for at common law the administrator had nothing whatever to do with the lands of his intestate. But the charge created upon the lands by the statute for the purpose of paying the intestate's debts is not a perpetual one, even when the debts of the estate remain unpaid, as was ruled in *Mays v. Rogers, 37 Ark., 155.* The heirs cannot be forever deterred from the possession of the lands of their ancestor by the neglect of the administrator and the creditors to enforce payment of debts due by the estate. *Ib.* And if the claims for which the estate is liable have in fact been discharged, there is no room to contend that the statute still confers the right upon the administrator to control the lands. *Menifee v. Menifee, 8 Ark. 47–8; Reed v. Ash, 30 ib., 775; Tate v. Jay, 31 ib., 576.*

There is no pretense that there were any demands of any sort against the estate of Davis at any time after the appointment of the administrator *de bonis non.* They had been paid off and the administration practically closed long before letters were granted to him. The lands had passed into the possession of the heirs and were not needed for any purpose of administration. The administrator then had no power to control the rents. *Reed v. Ash and cases, supra; Flood v. Pilgrim, 32 Wisc., 376; Filby, as admr., v. Carrier, 45 ib., 469.*

The court sustained the recovery, however, upon the assumption that the promise of the tenant to pay the rent to the administrator, after being informed by the agent who had negotiated the lease for the heirs that he was the

proper person to receive it, conferred upon him the author-
ity to sue for the recovery in his official capacity. The
judgment cannot be sustained upon that theory.

The administrator had not the right, against the consent
of the heirs, to occupy the lands or collect the rents. If
he had received the rents at their request, his receipt to the
tenant would have discharged the debt, upon the principle
that a payment to the agent is a payment to the principal.
In such case the administrator would account for the rents
with the general assets, not by force of any requirement
of the statute, but rather in pursuance of his agreement
to do so. *Kimball v. Sumner, 62 Maine, 305; Lucy v. Lucy,
55 N. H., 9; Conger v. Atwood, 28 Ohio St., 134; Schouler
Ex. & Ad., sec. 213.*

Consent cannot add anything to his official capacity.
If the agent in this case was authorized to act for the heirs
in the dealing with the administrator about the payment
of the rent, the most that can be said that was done was sim-
ply an agreement made to the effect that a debt due to the
heirs should be paid by the tenant to the administrator.
This conferred no power upon the administrator as such.
Nor did it create the relation of landlord and tenant be-
tween him and the appellant. That relation already existed
between the appellant and the heirs of Davis. The pos-
session was derived from them. The administrator was
never in possession, and had no control over or interest in the
lands. Under such circumstances it is difficult to under-
stand how an agreement that the rent should be paid to
him, could convert him into a landlord. *Hansen v. Price, 45
Mich., 519; Wood Landlord and Tenant, sec. 309.* His is not
the case of an original administrator who, by the terms of
the statute, succeeds to the rights and remedies of his in-
testate. *Mansf. Dig., sec. 4161.* The authority of the ad-
ministrator *de bonis non* is limited to the administration of

assets not already administered. *State, use of Oliver, v. Rottaken, 34 Ark., 144.*

In no view of the case had the administrator a legal interest in the matter in controversy, and the judgment must be reversed and the case remanded for further proceedings.