STATE *v*. AETNA FIRE INSURANCE COMPANY.

Opinion delivered May 27, 1899.

PLEADING—INDEFINITE COMPLAINT—REMEDY.—A complaint against an insurance company seeking to recover a penalty for violation of the "anti-trust law" (Acts 1899, p. 50), which alleges (substantially in the language of the act) that the defendant, while engaged in business in this state, became and was "a member of a pool, trust, agreement, combination, confederation, or understanding with the corporations engaged in similar business, to regulate or fix the price or premiums for insuring property," etc., is not demurrable for failure to allege that such pool, trust, agreement, etc., was formed for the purpose or had the effect of influencing the company's business in this state, as the remedy, in case the complaint is indefinite or uncertain, is a motion to make it more specific and certain.   (Page 482.)

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN, Judge.

*Jeff. Davis*, Attorney-General, and *Chas. Jacobson*, for appellant; *Jesse C. Hart* and *Hal L. Norwood*, of counsel.

The complaint states a cause of action.   25 Ark. 84; 26 Ark. 228, 230.   If any of the averments were uncertain or incomplete, the remedy was by motion to make more specific, and not by general demurrer.   32 Ark. 315; 38 Ark. 393; 31 Ark. 657; 52 Ark. 378; 19 Ark. 695; 27 Ark. 369; 31 Ark. 379; 19 Ark. 173.   A demurrer should not require any statement of

facts to sustain it.    16 How. Pr. 422; 2 Estee's Pldg. § 3074; 23 How. Pr. 396; 43 Barb. 261.

*Blackwood & Williams, Rose, Hemingway & Rose, Cockrill & Cockrill, J. M. Moore, Dodge & Johnson, Carroll & Pemberton* and *Morris M. Cohn,* for appellees.

The demurrer properly raises the question in this case. 11 So. 86; S. C. 94 Ala. 456.

BUNN, C. J.    This is a suit for a penalty and forfeiture against the appellee insurance company by the State of Arkansas, on the relation of the attorney general, under the act of the general assembly, commonly known as the "anti-trust law," passed March 6, 1899.    (Acts 1899, p. 50.)

There was a demurrer to the complaint interposed, and the same was sustained, and, plaintiff failing to plead over, judgment was rendered for the defendant, and the plaintiff appealed to this court.

The complaint is as follows:    "The plaintiff, the State of Arkansas, by her attorney general, Jeff Davis, complains of the defendant, and for cause of action alleges:

"1.    That the defendant is a foreign corporation, organized and existing under the laws of the state of New York, and doing business in this state.    That the defendant is engaged in the business of insuring property against loss or damage by fire, lightning, storm, cyclone and tornado, in this state, and was so engaged on and after the 6th day of March, 1899.

"2.    That, while so engaged in the business of insuring property in this state against loss or damage by fire, cyclone, lightning, storm and tornado, the said Aetna Insurance Company became and was a member of a pool, trust, agreement, combination, confederation, or understanding with other corporations engaged in similar business to regulate or fix the price or premium to be paid for insuring property against loss or damage by fire, lightning, storm, cyclone and tornado, the said combination being commonly known or designated as an insurance exchange, or rating bureau, contrary to the form of the statute in such cases made and provided.

"3. That, by an act of the general assembly of Arkansas, approved March 6, 1899, and known as the "anti-trust law," it is provided that if any corporation, organized under the laws of this state or of any other state or country and transacting or conducting any kind of business in this state, shall enter into, or become a member of any pool, trust, agreement, confederation, or understanding with any other corporation, individual, or any other person or association of persons, to fix the price or premium to be paid for insuring property against loss or damage by fire, tornado, lightning, storm or cyclone, said corporation shall be adjudged guilty of a conspiracy, and its corporate existence shall, upon proper proof thereof, be declared forfeited, void, and of no effect, and shall thereupon cease and determine, and shall thereby forfeit its right and privilege thereafter to do business in this state. It is also provided in said act as aforesaid that said corporation shall forfeit not less than $200 or more than $5,000 for every such offense. Wherefore plaintiff alleges that defendant, by becoming a member of said combination as aforesaid, became liable to the plaintiff in the sum of $5,000, and an action accrued to plaintiff in said sum, according to the provisions of said act.

"Premises considered, plaintiff prays that defendant's corporate existence shall be declared forfeited, void, and of no effect, and shall forfeit its right and privilege to do business in this state, and that plaintiff have and recover judgment against said defendant in the sum of $5,000 and all her costs in this suit expended, and for such other and further relief as plaintiff shall be entitled to under the proof in this case."

To this complaint the defendant interposed a general demurrer to the effect that the same does not state facts sufficient to constitute a cause of action.

The state charged in her complaint, and the charge was admitted to be true by the demurrer of the defendant, that the defendant, while engaged in business in this state, became and was "a member of a pool, trust, agreement, combination, confederation or understanding with other corporations engaged in similar business, to regulate or fix the price or premium for insuring property," etc. This charge was substantially in the language of the act. The state had a good cause of action,

but, according to our construction of the act, the cause of action was defectively stated, in this, that it does not charge that the pool or combination was for the purpose, or had the effect, of influencing the defendant's business in this state, no matter where formed. The complaint is uncertain and ambiguous, and doubtless made so because the language of the act itself is ambiguous, more or less.

Ordinarily, it is sufficient to declare in the terms of a penal act, and such declaration is not the subject of a general demurrer; for, as said by the supreme court of North Carolina, in *Commissioners of Edenton* v. *Capeheart*, 71 N. C. 156, "the demurrer of course admitted all the facts averred in the complaint. The complaint alleges that defendant violated ordinance No. 43, made under section 14 of the act of March 28, 1869. Upon the authorities, this is a sufficient averment that defendant did some act by which, under that act and ordinance, he became liable to a town tax, e. g., shipped fish from the town. If the defendant had meant to put in issue that what he did was not a shipping of fish within the ordinance, as properly understood, he should have answered, either stating specially what he had done, and denying that he had otherwise acted in violation of the ordinance, or have defended generally, and procured the justice to find the special facts. In either of these ways the question of law could have been presented to the superior court, whether the acts of the defendant brought him within the ordinance."

So it is with the defendant in the case at bar. It contended in argument, and its contention was correct, that the true meaning of the act upon which the complaint is based is that the act of a person, partnership or corporation doing business in this state, and who is a member of a pool, combination, etc., no matter where formed, having for its object or effect the influencing of its business in this state, and that alone, is denounced by the act. This was the offense set up in the complaint, for it was expressed substantially in the terms of the act, and the general demurrer should not have been sustained. If the complaint was thought to be indefinite and uncertain, as it was in our view of the law of the case, it was the proper subject of a motion to make more specific and certain, or, if the

defendant did not choose to do this, he should have answered, stating the facts showing that it was not the subject of the act's prohibition and penalty. *Morse* v. *Gilman*, 16 Wis. 531; *Demartin* v. *Albert*, 68 Cal. 277.

This position must be not understood as controverting the theory that, in some cases, it is essential that the complaint should negative the liability of those not comprehended in the statute invoked; but all that is intended to be said is that a general demurrer is not proper in a case like this.

The only case cited by appellee on this point is that of *Collier* v. *Davis*, 10 Southern Rep. 86. This case was subsequently more fully reported in 94 Ala. 456. In that case, the plaintiffs, Collier & Pinckard, loan brokers, engaged by special contract to negotiate a loan of $10,000 for the defendants, Davis & Davis, to be secured by a mortgage on their farm in Lowndes county, Alabama. The loan was effected from the American Freehold Land Mortgage Company of London, Limited. Plaintiffs afterwards brought suit for the amount defendants had agreed to pay them for their services in procuring the loan. The defendants interposed a plea or special answer, in which they alleged that the plaintiffs in this transaction were the agents of said American Freehold Land Mortgage Company of London, a foreign corporation, and that the latter had no known place of business in Alabama with an agent thereat, and that therefore, under the statutes of that state, the contract sued on was null and void, constituting a part of the company's doing business in that state. A demurrer was interposed to this plea, which the trial court overruled, but which the supreme court on appeal sustained, and thereupon dismissed the case, saying: "If the complaint or plea had averred or shown that the agreement between Collier & Pinckard on the one side and Davis Brothers on the other was entered into in Alabama, then it would have been shown that a foreign corporation, through its agent, or the agent of a foreign corporation, had engaged in business, or transacted business, in Alabama, without a compliance with our constitution and statute. This would have made the agreement illegal and non-enforceable. There is nothing, however, to show that such was the case. It is perfectly consistent with every

averment of the pleadings that the agreement declared on was executed outside of the State of Alabama. And if Collier & Pinckard were not agents of the corporation, then there is nothing stated that is incompatible with the idea that the loan was to be negotiated outside of Alabama's limits. The *situs* of the security offered (the location of the land mortgaged) is not necessarily determinative of that inquiry [*i. e.*, where the agreement was made], although it may be a factor to be considered." By their special plea the defendants undertook to show that the transaction was one denounced by the legislative enactment, and by it made void. They failed to state all the essential facts necessary to this end, and, since the defect was not cured by anything in the complaint, the plea was bad on demurrer. If the conclusion of facts was as found by the court (and we are not sure that it was), it must readily be admitted that a failure on the part of the defendant to bring the contract within the denunciation of the law, in their recital of the essential facts, rendered their plea the subject of a general demurrer, because surely the very statement of the point is to the effect that the facts as stated did not constitute a defense. When the defendant undertakes to state his defense, he should state all that is essential to his defense, and of course should not fail to state the most essential element of his defense. The statute of Alabama was unambiguous, and prohibited foreign corporations from *doing business in the state* except on the performance of certain conditions. To attempt by answer to bring a business within the purview of the statute, and not to state where it had been transacted, was of course no defense in the case, and was therefore the subject of a general demurrer.

The demurrer was not proper, and of course was improperly sustained, and for this error the judgment of the court below is reversed, and the cause remanded with directions to overrule the demurrer, and on motion permit plaintiff to amend her complaint by making the same more specific and certain as to the point indicated; or, if the defendant chooses to do so, permit it to answer, setting up the facts constituting its defense, under the rulings of its court in the companion case of to-day, to-wit: *State* v. *Lancashire Fire Insurance Company, ante,* p. 466.