### JONES *v.* JONES.

#### Opinion delivered March 24, 1913.

ADMINISTRATOR—WHEN NOT ENTITLED TO LANDS.—An administrator can not stand for or represent the heirs when the title to land is involved, nor is he entitled to the possession of lands unless they are needed to pay debts of the deceased.

Appeal from Randolph Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*T. W. Campbell,* for appellant.

Whether W. G. and J. L. Jones were solvent or insolvent, whether the deed was taken in Fred F. Jones's name for a fraudulent purpose or not, in either case appellants are entitled to have a resulting trust declared in their favor upon an undivided half interest in the land. W. G. Jones, appellants' intestate, paid one-half the purchase price of the land. If there was no fraud in the transaction by which the deed was taken in Fred's name, then a resulting trust should be declared in favor of the heirs under the general rules of equity. 40 Ark. 62; 64 Ark. 155; 2 L. R. A. 816. If it was taken for fraudulent purposes—insolvency, and to cheat, hinder or delay creditors, appellants are entitled to a half interest in the land under the statute. Kirby's Digest, § 81.

*S. A. D. Eaton* and *Witt & Schoonover,* for appellees.

1. The proof entirely fails to make a case within the meaning of the statute. Kirby's Dig., § 81, relied on by appellant. None whatever that W. G. Jones was a

"grantor" with respect to these lands. 4 Words & Phrases, 3159; 5 Mass. 438; 77 Ark. 63. This statute, while it is remedial in its nature, yet it empowers the administrator to bring suit for no other purpose than for the benefit of "the heirs-at-law of the fraudulent grantor," and appellant having elected to bring suit in this way, she is bound by her pleadings and admissions and will not be permitted to pursue another remedy, *i. e.,* to have a resulting trust declared. 95 N. W. 344; 7 Ill. App. 612; 11 Johns (N. Y.) 241.

2. Treated as an action to declare a resulting trust, there is such a defect of parties as to defeat recovery. The heirs are indispensable parties, where the relief asked will affect the title to land. 49 Ark. 87; 41 Ark. 88; 34 Ark. 391; Pomeroy, Code Rem., § 256.

McCULLOCH, C. J. The plaintiff, Mollie E. Jones, as administratrix of the estate of W. G. Jones, deceased, instituted this action in the chancery court of Randolph County to cancel a conveyance of a tract of land in said county, executed to defendant, Fred F. Jones. It is alleged, in substance, that during the year 1898 W. G. Jones and one J. L. Jones were copartners in the mercantile business, and became insolvent; that they purchased said tract of land from one Kerr and caused Kerr to convey the same to defendant, Fred F. Jones, in order to cheat, hinder and delay their creditors. W. G. Jones died, and plaintiff, as administratrix of his estate, sues pursuant to the terms of a statute of this State which provides that "any executor or administrator of any fraudulent grantor, who by deed, grant or otherwise, shall have conveyed an estate in land, tenements or hereditaments, with intent to delay his creditors in the collection of their just demands, may apply to a court of chancery by proper bill or petition and have the same set aside and cancelled for the use and benefit of the heirs-at-law of the fraudulent grantor, saving the rights of creditors and purchasers without notice." Kirby's Digest, § 81.

The deed of conveyance of Kerr to Fred F. Jones

recited a consideration of $50 paid in cash by W. G. Jones and J. L. Jones, and two promissory notes of $150 each executed to said grantor by the same parties.

This suit involves an undivided half interest in the land. Fred F. Jones and his mortgagee, Myra E. Birdstrom, are joined as defendants.

The decree of the chancery court was in favor of defendants, and an appeal has been duly prosecuted by plaintiff.

The record discloses testimony tending to establish the charge of fraud on the part of W. G. Jones and J. L. Jones in causing the conveyance to be made to Fred F. Jones for the purpose of cheating and hindering their creditors; but counsel for plaintiff concedes in his brief that it is doubtful whether the evidence is sufficient to establish that fact, and we will, therefore, eliminate that question from the discussion of the case.

The contention now on the part of the plaintiff is that relief should be granted on the theory that the evidence is sufficient to establish the fact that W. G. Jones paid one-half of the consideration expressed in the conveyance and that a trust resulted in his favor which the chancery court, at the instance of the administratrix suing for the benefit of the heirs, should enforce.

The statute under which this suit is instituted only authorizes an administratrix to sue for the benefit of the heirs of a "fraudulent grantor, who by deed, grant or otherwise, shall have conveyed an estate in land * * * with intent to delay his creditors." There is no authority to be found in the statute for a suit by the administrator to enforce a resulting trust for the benefit of heirs.

"The administrator's right to the possession of lands as assets for the purpose of administration is exclusive of that of the heirs," said this court, speaking through Chief Justice Cockrill, in *Chowning* v. *Stanfield,* 49 Ark. 87, "and he can maintain ejectment to gain the possession, but he is not concerned with the title, except in so far as it affects his possessory right, and he is not

authorized to represent the heirs or to stand for them when the title is in question. They are indispensable parties in a controversy where relief is asked which affects the title.'' ''And,'' said this court in the same case, ''an administrator is not entitled to the possession of lands unless they are needed to pay the intestate's debts.''

It is not alleged in the complaint nor asserted or shown that there are now any debts of the estate of said decedent. There is no claim that the lands are needed for payment of debts. On the contrary, the plaintiff sues to recover for the benefit of the heirs-at-law of said decedent. We are not at liberty in this action to pass on the rights of the heirs, for they are not parties.

The decree against the plaintiff as administratrix of the estate of said decedent is correct and the same is affirmed.