OTTINGER *v.* FERRELL.

Opinion delivered November 1, 1926.

1. PLEADING—MOTION TO MAKE CERTAIN.—The remedy for vague and indefinite allegations in a complaint is not by demurrer, but by motion to make more certain.

2. LIBEL AND SLANDER—COMPLAINT—DEFAMATORY MATTER.—Allegations in a complaint by a school-teacher that school officers uttered and published of him that he is "incompetent as a teacher, immoral, and not a good citizen," and that he "is unfit to teach school; he curses in his school; talks socialism in his school and to his patrons; and is disloyal to our Government," *held* sufficient to point out the particular language used and the circumstances under which it was used.

3. LIBEL AND SLANDER—WORDS TENDING TO INJURE IN PROFESSION.—False charges against a school-teacher of incompetency or immorality are actionable as libel or slander.

4. LIBEL AND SLANDER—JOINT CAUSE OF ACTION.—A joint cause of action is alleged in a complaint for libel which charged that defendants joined in a conspiracy to defame plaintiff's character, and that, pursuant to that joint design, libelous words were published.

5. LIBEL AND SLANDER—PARTIES.—While a joint action cannot be maintained for a slander, such an action may be maintained for a libel.

6. PLEADING—DEMURRER—MISJOINDER OF CAUSES.—A general demurrer does not reach the objection of a misjoinder of causes of action.

7. LIBEL AND SLANDER—PRIVILEGED COMMUNICATION.—A communication by school officers concerning the character and qualification of a school-teacher is not absolutely privileged, and the privilege must be pleaded by answer to the complaint alleging a libel, and cannot be raised by demurrer.

Appeal from Jackson Circuit Court; *Dene H. Coleman,* Judge; reversed.

*E. F. Duncan* and *H. P. Cleveland,* for appellant.

*Fred M. Pickens,* for appellee.

McCULLOCH, C. J. Appellant instituted this action in the circuit court of Jackson County against appellees, J. R. Ferrell, T. V. Flemming, C. P. Trice, Garland E. Land and J. O. Goff, alleging in his complaint that he is a school-teacher by profession, and is duly licensed as

such; that appellee Land is superintendent of schools in Jackson County, and that the other appellees are directors of School District No. 25 in Jackson County; that appellant was employed as teacher in said district, but was wrongfully discharged, and that, after the discharge, all of the appellees entered into a conspiracy to prevent him from securing school work in the State, and that, pursuant to that conspiracy, they uttered slanderous and defamatory words concerning his moral character and his fitness as a teacher, and that they also published libelous words to the same effect.

The language charged to have been uttered and published by appellees concerning appellant is that he is "incompetent as a teacher, immoral, * * * and is not a good citizen." In another paragraph the language charged to have been used is that appellant "is unfit to teach school; he curses in his school, talks socialism in his school and to his patrons, and is disloyal to our Government," etc.

There are numerous paragraphs in the complaint alleging slanderous and libelous words uttered and published on different occasions and to different persons, but the above are substantially the words alleged to have been used in each instance. It is unnecessary to discuss each paragraph in detail, for the court sustained a demurrer to the complaint as a whole, and it is only necessary to determine whether or not a cause of action was stated in either of the paragraphs.

Appellees first defended the judgment of the court in sustaining the demurrer on the ground that the cause of action was barred by the statute of limitations, but counsel has now abandoned that contention, and nothing more need be said about it.

It is next contended that the allegations are too vague and indefinite to be understood. If that were true, the remedy would not be by demurrer but by motion to make the complaint more definite and certain. *Dillahunty v. Railway Co.*, 59 Ark. 629. We think, however, that the allegations in the complaint are sufficient to point

out the particular language used and the circumstances under which it was used. It may be said, in this connection, that the law is well settled that a false charge against a school-teacher of incompetency or immorality is actionable as libel or slander. Newell on Libel and Slander, § 148. In this connection it is also urged that the complaint was not sufficient to charge a joint cause of action against all of the appellees. We find, however, that it is charged specifically in the complaint that all of the appellees joined together in a conspiracy to defame the character of appellant by slander and libel so as to prevent him from obtaining school work, and that the slanderous words were uttered and the libel published pursuant to that joint design. Now, the rule is that a joint action cannot be maintained against two or more persons for slander, but a different rule prevails concerning a libel, and such publication may be the joint act of two or more persons, who may be sued jointly or separately at the election of the plaintiff. Newell on Slander and Libel, § 371. The demurrer was general, and therefore did not reach the objection of misjoinder of causes of action.

The principal ground urged in support of the judgment of the court is that the alleged slanderous and libelous statements concerning appellant constituted, under the circumstances, privileged communication, and that, this appearing upon the face of the complaint, the objection to the sufficiency of the allegations could be raised by demurrer. We do not agree with counsel in this contention. It appears from the language of the complaint that all of the appellees are school officers, appellee Land being county superintendent, and the others school directors, and it also appears that the words spoken and written related to appellant's character and qualifications as a school-teacher, but the privilege could not, in any view, be absolute, and might, or might not, according to the circumstances, be privileged. That being true, it necessarily follows that the privilege must be pleaded by answer, and the question cannot be raised

by demurrer. 17 R. C. L., p. 401; Odgers on Libel and Slander, p. 636. Our conclusion is that the court erred in sustaining the demurrer to the complaint.

Reversed, and remanded for further proceedings.