CRANNA, ADMINISTRATOR *v.* LONG.

5-675                                          279 S. W. 2d 828

Opinion delivered June 6, 1955.

[Rehearing denied June 27, 1955.]

*Herrn Northcutt,* for appellant.

*Green & Green* and *Oscar E. Ellis,* for appellee.

ED. F. McFADDIN, Justice. Aside from a procedural matter, the question here presented is whether the Trial Court was correct in sustaining the demurrer to the complaint.

On May 27, 1954, appellant Cranna, as administrator of the estate of Chumley, deceased, filed complaint against appellees, Long and wife, alleging that in January, 1950, Chumley (then 83 years of age) was mentally incapable of transacting business; that the Longs, by duress and undue influence, obtained a deed from Chumley for certain lands; and that the Longs also received and converted personal property (cattle, furniture and silverware) belonging to Chumley of the value of $5,000.00. The prayer of the complaint was for cancellation of the deed, and for judgment for the value of the converted personal property. The Trial Court sustained the Long's demurrer to the entire complaint; and Cranna, administrator, brings this appeal.

I. *Procedural Matter.* The appellees have moved to dismiss the appeal, saying: ". . . **that the notice** of appeal, as required by § 2 of Act 555 of 1953, was not given within 30 days after the date of the decree of the Fulton Chancery Court on October 12, 1954." The majority of this Court holds this motion to be without merit. The record shows: that on October 12, 1954, the Trial Court announced that the demurrer would be sustained; that on October 14, 1954, the attorneys agreed on the form of the decree which sustained the demurrer and dismissed the complaint; that on October 16, 1954, this de-

cree was filed with the Clerk for entry; and that the notice of appeal was filed on November 12, 1954, which was within thirty days from the date the judgment was filed with the Clerk for entry.

Section 2 of Act 555 of 1953 says: "When an appeal is permitted by law . . . any party to the action may appeal from a judgment or decree, by filing with the Court in which the case is tried a notice of appeal within 30 days from the *entry of the judgment* or decree appealed from. . . ." (Italics our own.) The filing of the judgment with the Clerk for entry is the decisive date under the above quoted Statute. A case indicating this conclusion is *Norfleet* v. *Norfleet,* 223 Ark. 751, 268 S. W. 2d 287.

II. *Sufficiency of the Complaint to Cancel the Deed.* The administrator was the only plaintiff; the deceased had died intestate; and there was no allegation that the land was necessary to pay debts or expenses of administration. Prior to Act 140 of 1949 (the Probate Code), § 66 of Pope's Digest was the governing Statute and said: "Lands shall be assets in the hands of the executor or administrator, and shall be deemed in their possession and subject to their control for the payment of debts." Sec. 94 of the Probate Code (as now found in § 62-2401, Ark. Stats.[1]) says: ". . . real property shall be an asset in the hands of the personal representative when so directed by the will, or when and if necessary for the payment of debts, or expenses of administration." The quoted language of the Probate Code was not designed to make the administrator automatically entitled to the real estate of a deceased intestate. The quoted language of the Probate Code continues the rationale of our cases decided under § 66 of Pope's Digest; and these cases hold that the legal title of an intestate's land, upon his death, descends and vests in his heirs at law, subject to the widow's dower and the payment of debts through his administrator. See *Stewart* v. *Smiley,* 46 Ark. 373; *Jones* v. *Jones,* 107 Ark. 402, 155 S. W. 117; and *Mayo* v. *Bank of Marvell,* 188 Ark. 330, 65 S. W. 2d

---

[1] The section references herein are to those in the **Cumulative** Pocket Supplement to Ark. Stats.

549. Sec. 62-2701, Ark. Stats., in abolishing the priority between personal property and real property for the payments of the debts of the deceased, applies *after* it has been determined that the lands are necessary for the payment of debts. That section does not change the long established rule of our cases, as above cited.

Sec. 62-2401, Ark. Stats., says: "When real property has become an asset in the hands of the personal representative, as hereinbefore provided . . . the personal representative may . . . maintain or defend an action for the possession thereof, or to determine or protect the title thereto until such real property is sold. . . . " In the case at bar, there is no allegation that the real property had ever become an asset in the hands of the administrator, so the above quoted section does not support the appellant's claim in this Court. The complaint contained no allegation so as to make applicable § 62-2402. Likewise, neither § 62-2409 nor § 62-2714 has been invoked. Therefore, we find no allegation in the complaint sufficient to support the administrator's effort to recover the lands; and the Chancery Court was correct in sustaining the demurrer to the complaint insofar as the lands were concerned.

III. *Sufficiency of the Complaint to Recover the Value of the Personal Property.* The complaint alleged that the Longs had converted to their own use various items of personal property of Chumley's of a value of $5,000.00, and there was prayer for judgment. The Trial Court was in error in sustaining the demurrer to that portion of the complaint concerning the personal property. Sec. 62-2401, Ark. Stats., says: "A personal representative shall have the right to and shall take possession of all of the personal property of the estate of the decedent. . . ." This section is in keeping with our Statutes and the cases theretofore existing. The administrator is empowered to sue for and recover the personal property of the estate, so the complaint stated a good cause of action insofar as the personal property is concerned.

If the defendants thought the complaint indefinite they should have filed a motion to make more definite and certain. A demurrer was not proper for that purpose. *State* v. *Aetna Fire Ins. Co.*, 66 Ark. 480, 51 S. W. 638; *Murrell* v. *Henry*, 70 Ark. 161, 66 S. W. 647; and *Ottinger* v. *Ferrell*, 171 Ark. 1085, 287 S. W. 391. Limitations did not appear on the face of the complaint so the demurrer could not raise that issue. *Driesbach* v. *Beckham*, 178 Ark. 816, 12 S. W. 2d 408; and *Cullins* v. *Webb*, 207 Ark. 407, 180 S. W. 2d 835.

Therefore the decree is reversed insofar as it dismissed the complaint as to the personal property, and the cause is remanded as to the personal property.