CALMESE *v.* WEINSTEIN, ADMR.

5-2506                                    351 S. W. 2d 437

Opinion delivered November 27, 1961.

*William R. Freeman,* Los Angeles, Calif., *Thad D. Williams,* for appellant.

*Frances D. Holtzendorff,* for Eugene R. Weinstein, Admr., *Charles L. Carpenter,* for Block Realty Company, for appellee.

NEILL BOHLINGER, Associate Justice. Alice Connolly Ousley died intestate in Pulaski County Arkansas seized and possessed of an interest in several pieces of real estate and the following are her surviving children and heirs. Sarah O. Calmese, Dorothy O. Akins, Helen Ousley Parker, Myra Ousley Goodwin, Evelyn Ousley Sloan, Fred Ousley, Lloyd O. Batiste, Donald C. Batiste, Kenneth Batiste, Jack Ousley, Tyrleese Ousley Freeman, and Raymond Ousley.

Sometime after the death of Alice Connolly Ousley two of her daughters, Sarah O. Calmese and Dorothy O. Akins, were appointed co-administratrices of her estate. The administratrices filed their inventory listing ten (10) pieces of real property to which they attached a value of $2,530.00. No personal property of any kind was found and no claims have been filed against the estate.

The co-administratrices thereafter applied to the Probate Court of Pulaski County praying authority to sell the real estate of which Alice Connolly Ousley died seized and possessed. The court found there were no funds on hand belonging to the estate to pay costs of administration or attorney's fees and that the property should be sold at private sale and after the payment of the expenses of the sale, together with the costs of the administration, the proceeds of the sale should be divided between the heirs.

It appears from the record that about this time the administratrices contacted the Block Realty Company, a real estate concern, which ordered an abstract, as had been requested, and secured purchasers for the property. The abstract revealed that instead of owning all the property, Alice Connolly Ousley had only a 1/7 interest

therein, the other 6/7 being in her several children and grandchildren.

At this point the co-administratrices appear to have dropped out of the proceedings and Eugene R. Weinstein, who is designated in the record as administrator in succession of the estate of Alice Connolly Ousley, deceased, filed in the Pulaski Chancery Court a partition suit in which he states that the land involved in this case descended from Jack Ousley, deceased, who was the husband of Alice Connolly Ousley to whom, by will, he devised a 1/7 interest in the land, 1/7 to his daughter, Edna Ousley Batiste, 1/7 to Sarah O. Calmese, 1/7 to Dorothy O. Akins, 1/7 to Helen Ousley Parker, 1/7 to Myra Ousley Goodwin, and 1/7 to Evelyn Ousley Sloan. In his complaint the administrator states that the heirs of Jack Ousley had been unable to agree on an equitable division of the lands and it would be to the best interest of all parties that the same be sold and the proceeds divided according to their several interests.

To this complaint the children and grandchildren who acquired an interest in the property from Jack Ousley filed an answer in which they admitted that they were tenants in common but denied that a sale of the lands were advisable or necessary. The Block Realty Company, a partnership, filed an intervention in which it was set forth that the firm had inventoried the lands involved at the request of Sarah O. Calmese and Dorothy O. Adkins; had procured abstracts of the property at a cost of $310.00, and had obtained purchasers for the property who were ready, willing and able to buy the same at the appraised value. The intervenors prayed that if the court ordered the property sold, that the intervenors be paid the cost of the abstract and the real estate commission amounting in all to $775.00 from the gross proceeds of the sale.

The heirs of Jack Ousley filed a motion to dismiss the intervention of the Block Realty Company on the grounds that the intervenors were not entitled to judgment and that if the intervenors had a cause of action

it was for a breach of contract against only a part of the defendants and that it was an improper joinder of parties.

The motion was presented to the chancellor who overruled the motion to dismiss the intervention. The heirs then filed an answer alleging, as had been done in the motion to dismiss, that the intervenors and attorney were not entitled to judgment and that the property should not be ordered sold.

The issues being thus joined, on December 12, 1960 the case was heard by the chancellor who found that there was due the Block Realty Company the sum of $775.00 for services and expenses they had incurred which should be paid from proceeds of the sale of the involved real estate; that the attorney for the plaintiff was allowed the sum of $600.00 to be paid as costs from the proceeds of the sale, and that if the heirs did not pay the above awards within thirty (30) days, a commissioner was appointed to sell the lands at public sale. From the proceeds of such sale there would be paid the costs, including the award for the attorney's fees and the judgment in favor of the intervenors, Block, with the balance of the sale money to be paid into the registry of the court pending further proceedings to determine the owners.

From this judgment and order comes this appeal. To reverse this judgment, the appellants list three points but it being apparent that the case must be reversed and dismissed on other grounds than those relied on, we pass over appellants' cited points in order not to unduly prolong this opinion.

This suit was improperly brought by an administrator, being primarily and solely a suit for partition. When Alice Connolly Ousley died intestate possessed of some interest in the property involved, be that interest much or little, her title at that moment was vested in her heirs, subject to the payment of her debts. Title to the property never did vest in any of the administrators

to this estate. As we said in the case of *Graham* v. *Quarles,* 206 Ark. 542, 176 S. W. 2d 703, p. 545-46:

"The rule announced by this court appears to be in conformity with the rule adopted by all courts which have had occasion to consider the question. At 47 Corpus Juris, p. 300, we find the following statement: 'Title, legal or equitable, in the person or persons seeking partition is essential to the maintenance of the suit. Where the record in a partition suit fails to show a good title in the parties to the property involved, partition will not be decreed notwithstanding the allegation of title by one party and its admission by the other.' [See also 68 C. J. S. § 35, p. 50.]

Many cases supporting, but none contrary to, the text appear in the footnotes.

If then only those having interest in the property may bring a suit for partition, it logically follows that it is necessary that the plaintiff allege that he holds title to an interest in the property, and such we find to be the universal rule, which is stated at 47 Corpus Juris, p. 403, as follows: 'Since only those having title are entitled to partition either in a court of law or equity and the title must be to an undivided interest in the land, it is necessary for the bill, complaint, or petition to allege title in plaintiff, and that such title is to an undivided interest in the lands sought to be partitioned.' " [See also 68 C. J. S. § 91 a.(1) p. 141.]

In the case of *Sutton* v. *McClain,* 193 Ark. 49, on a rehearing, at page 61, the court used this language:

"The trial court had no jurisdiction to make the order of partition. It is only where lands are held in joint tenancy, in common, or in coparcenary that partition may be had and not then where it appears the partition will result in prejudice to the owner. In that state of case, the proper method is to order a sale of the property with division of the proceeds to those entitled thereto. Section 8091, Crawford & Moses' Digest. This is but a restatement of the common-law rule. 47 C. J.

295, § 73 [68 C. J. S. § 56 a., p. 81]; *London* v. *Overby,* 40 Ark. 155. The judgment in favor of the several creditors did not create any interest in the lands in their favor so that it may be said they held in joint tenancy, in common, or in coparcenary, but created a lien only against the lands for the payment of their several judgments. Therefore, they had no interest which would entitle them to partition. *Roy* v. *Abraham,* 207 Ala. 400, 92 So. 792, 25 A. L. R. 101; *Fullerton* v. *Stortz Bros.,* 190 Ark. 198, 77 S. W. 2d 966.''

In *Dean* v. *Brown,* 216 Ark. 761, 227 S. W. 2d 623, this court said:

''Our statute provides that *immediately upon the intestate's death, the title to real estate descends to the heirs at law, subject to the widow's dower and the payment of debts.* See § 61-101 Ark. Stats. 1947. The two sections (§ 62-411 and § 62-911, Ark. Stats. 1947), concerning lands as assets in the hands of the administrator, have been uniformly construed to mean that the title to the lands passes direct to the heirs on the death of the intestate, subject to the rights of the administrator to have the Probate Court sell the lands if such be necessary to pay the debts of the deceased.'' [Footnote and citations omitted. Emphasis added.]

In the recent case of *Cranna, Administrator* v. *Long,* 225 Ark. 153, 279 S. W. 2d 828, at page 155, there is found the following:

''II. *Sufficiency of the Complaint to Cancel the Deed.* The administrator was the only plaintiff; the deceased had died intestate; and there was no allegation that the land was necessary to pay debts or expenses of administration. Prior to Act 140 of 1949 (the Probate Code), § 66 of Pope's Digest was the governing Statute and said: 'Lands shall be assets in the hands of the executor or administrator, and shall be deemed in their possession and subject to their control for the payment

of debts.' § 94 of the Probate Code (as now found in § 62-2401, Ark. Stats.[1]) says: '* * * real property shall be an asset in the hands of the personal representative when so directed by the will, or when and if necessary for the payment of debts, or expenses of administration.' The quoted language of the Probate Code was not designed to make the administrator automatically entitled to the real estate of a deceased intestate. The quoted language of the Probate Code continues the rationale of our cases decided under § 66 of Pope's Digest; and these cases hold that the legal title of an intestate's land, upon his death, descends and vests in his heirs at law, subject to the widow's dower and the payment of debts through his administrator. See *Stewart* v. *Smiley,* 46 Ark. 373; *Jones* v. *Jones,* 107 Ark. 402, 155 S. W. 117; and *Mayo* v. *Bank of Marvell,* 188 Ark. 330, 65 S. W. 2d 549. Sec 62-2701, Ark. Stats., in abolishing the priority between personal property and real property for the payments of the debts of the deceased, applies *after* it has been determined that the lands are necessary for the payment of debts. That section does not change the long established rule of our cases, as above cited.''

Not only is this the holding in the various decisions on this point in this state, but it seems to be held generally that the executor or administrator of an estate, aside from statute, has not such an interest in the real estate of the deceased as will entitle him to institute and maintain partition proceedings. In holding partition proceedings to be void, the Missouri Court, in *Throckmorton* v. *Pence,* 121 Mo. 50, 25 S. W. 843, not only said that an administrator has no interest in the lands of his intestate which would authorize him to prosecute such a suit, but further referred to a statute which authorized tenants in common to petition for partition and declared that no where in that statute could be found any point for making an administrator either plaintiff or defendant in such a suit.

---

[1] The section references herein are to those in the Cumulative Pocket Supplement to Ark. Stats.

In the case of *Phillips* v. *Dorris,* 56 Neb. 293, 76 N. W. 555, the Nebraska Court held that giving an administrator right of possession to real estate until the estate is settled was not investing him with any interest in the realty.

The dictum that an action for partition could not be maintained by an administrator, since he had no possession of the land, nor any interest therein except in connection with possible liens for the payment of decedent's debts, and that his affirmative remedy in case of necessity was by proceedings to sell for debts, was expressed in *Barton* v. *Reynolds,* 142 N. Y. Supp. 895, where the court declared that an action for partition was essentially one between joint owners for division of their property between them. In the case of *Romero* v. *Rader,* 146 La. 964, 84 So. 221, a partition of land was annulled upon the ground that the administrator of a succession had no right to demand a partition since such a suit could only be maintained by one or some of the owners of the land.

It thus appears clear that the administrator was without right or authority to bring or maintain this suit and had this matter been brought to the attention of the learned Chancellor, he would have no doubt dismissed this action.

This cause, therefore, is reversed and dismissed at the cost of the appellee. It appears, however, from the record before us that the intervention of Block against some of the heirs states a cause of action against them. This dismissal does not prejudice the bringing of an appropriate action by this intervenor and if there be others who have claims for services in behalf of the heirs, such claims may be prosecuted in other actions. It is so ordered.