## McGEHEE v. OXNER.

### Opinion delivered November 28, 1921.

1. PARTITION—PROCEDURE.—While the statutory procedure in partition cases must be followed in a suit at law, such is not the case in equity, the statutory remedy being cumulative only.

2. PARTITION—ORDER OF SALE—VALIDITY.—Chancery courts may order a sale of property if necessary to effect an equitable division thereof among the owners upon evidence other than and wholly independent of a report of commissioners.

3. PARTITION—CONCLUSIVENESS OF COMMISSIONERS' REPORT.—Where partition is by equitable proceeding, the court may appoint commissioners, but their report as to the necessity of sale for partition or as to the possibility of partition in kind is advisory merely, and not binding on the court.

Appeal from Grant Chancery Court; *J. P. Henderson*, Chancellor; affirmed.

*Isaac McClellan*, for appellant.

The second report of the commissioners was set aside by the court for the same reason as the first, in direct conflict with C. & M. Dig., § 8107.

The court has no authority to direct the commissioners to make partition until after hearing the evidence. The situation of the property, and not the circumstances of the parties, must control the court in determining whether there should be a partition in kind or sale: 54 Fed. Rep. 961; 40 Wis. 357. The commissioners act as judges, the whole power of the court being delegated to them for this purpose, and their action should be ratified or new commissioners appointed when their report is set aside. Every presumption is indulged in favor of the fairness of the report of the commissioners. 56 W. Va. 185; 19 N. J. Eq. 133.

The court can make partition only on recommendation of the commissioners. In this case they did not recommend partition. Where this recommendation is based on evidence to support it, the court is absolutely justified in making the sale. 99 S. E. 325.

A part of an estate can be partitioned and the balance sold, which might include timber. 52 W. Va. 559; 223 S. W. 376.

The report of commissioners is conclusive unless based on erroneous principles or shown by clear preponderance of the evidence to have been grossly unequal and unjust, and the report can be impeached only for fraud, partiality or gross error of judgment. 19 Tex. 567.

*W. D. Browse* and *D. E. Waddell,* for appellees.

Authority for the sale is found in § 8110, C. & M. Digest, even though the prayer was for partition.

The burden is upon appellant to show the necessity for the partition. 30 Cyc. 268, 269, 270; 81 Ark. 440; 76 Ark. 146; Freeman on Cotenancy and Partition, No. 543; 77 Ark. 317. The proof does not show that appellant would be damaged by partition of the land in kind. In fact appellees offered him the appraised value of his share.

Appellant acquired his interest, which was a minority one, by purchase, and he therefore does not come within the provisions of the statute.

HUMPHREYS, J. Appellant instituted suit in the Grant Chancery Court against appellees for partition of the northeast quarter of section 21, township 5 south, range 12 west, in said county, alleging that he owned an undivided one-twelfth interest, Minnie Miller an undivided one-sixth interest, and Oneal Oxner, Fannie Boyd and Martha Oxner an undivided one-fourth interest each in said real estate; that appellees inherited their several interests, and appellant acquired his by purchase. The prayer of the bill was for a decree of partition if it could be made without prejudice to the owners thereof, and, if not, that the land be sold and the proceeds divided according to said interests.

Appellees filed answer, admitting the allegations of the bill as to ownership of the land by appellant and appellees in the proportions alleged, stating that the lands could be partitioned, praying for partition and the appointment of commissioners to divide same in kind among them according to the value of their respective shares.

Pursuant to the pleadings, and by consent of the parties, the court rendered a decree of partition in kind, if the land could be divided without great prejudice to the parties, and appointed W. D. McDonald, S. F. Fielding and Geo. V. Griffith commissioners to divide the lands.

After a view of the lands the commissioners formally reported, in substance, that the land could not be partitioned in kind entirely, and recommended that the timber be sold and the proceeds divided among the owners in proportion to their several interests in the land; that the southwest quarter of the northeast quarter be assigned to Fannie Boyd, the southeast quarter of the northeast quarter to Oneal Oxner, and that the north half of the northeast quarter be sold and the proceeds divided among Martha Oxner, Minnie Miller and F. O. McGehee, in proportion to their several interests in the land.

Appellees filed exceptions to the report upon the ground that the location of the timber on the land, the topography and quality of the land warranted a division of the land in kind among the owners, and that it was unnecessary to sell the timber or any part of the land in order to make a division thereof. At the same time the attorneys filed a motion to set the decree of partition and the report of the commissioners aside upon the ground that they had represented one of the appellees, Minnie Miller, through mistake. Thereupon the decree and report of the commissioners were set aside, and, after Minnie Miller was made a party and proper service was had upon her, a decree was rendered and the commissioners reappointed. The commissioners made a second view of the land and reported that, on account of the timber being located very thickly at some places and very scatteringly at other places upon the land, it was impossible to divide all the land in kind, and that in their opinion it was necessary to sever and sell the timber from the land and divide the proceeds, and that in that event the forty-acre tracts designated in the former report might be assigned to Fannie Boyd and Oneal Oxner and the north half of the tract sold and the proceeds divided among Martha Oxner, Minnie Miller and F. O. McGehee according to their several interests in the land; that, unless their original report was adopted, it was impossible to divide all or any part of the land in kind without great prejudice to the parties in interest; that the only other alternative would be to sell the land in 40-acre tracts and divide the proceeds, which would give each owner an opportunity to bid on the forty acres he desired to retain.

Appellees' exceptions to the first report were renewed as to the second and sustained. The report was set aside, and the commissioners ordered to partition the land in kind according to the interests of each. Pursuant to the order, the commissioners valued each forty-acre tract, including the timber thereon, at $800,

assigning to each owner of a one-fourth interest 40 acres, to the owner of a one-sixth interest 26 2-3 acres, and to appellant, the owner of a one-twelfth interest, 13 1-3 acres. The report contained the following statement of the commissioners:

"We in making said partition have tried to divide the land and timber under instructions of the court to the best of our knowledge and ability as to value and location. We in making this partition as set forth above believe it would be prejudicial to small land owners and would recommend that all the land be sold in 40-acre lots and the proceeds thereof prorated among the respective owners as their interests appear."

Appellant filed exceptions to that part of the report partitioning the lands in kind, alleging that the division in kind was contrary to the best judgment of the commissioners and prejudicial to the rights of the small land owners, especially to appellant, because in that locality a 13 1-3 acre tract was too small to possess a marketable value. Appellees filed an answer to the exceptions, and testimony was heard in support of and against the partition in kind, which resulted in a decree approving the division in kind and vesting title to the particular tract assigned to each in him or her. From that decree an appeal has been duly prosecuted to this court.

Appellant's first insistence for the reversal of the decree is that the first and second reports of the commissioners were set aside for the same causes. Section 8107 of Crawford & Moses' Digest is cited in support of the contention. That section is as follow: "Upon good cause shown by either party, on the report being made and returned to the circuit court, it may be set aside by the court, who may appoint new commissioners, who shall proceed in like manner as hereinbefore directed; but the court shall not set aside a second report for the same cause for which the first report was set aside."

The section quoted relates to and is binding upon circuit courts in partition proceedings. This court ruled in the case of *Moore* v. *Willey*, 77 Ark. 317 (quoting syllabus): "While the statutory procedure in partition cases must be followed in a suit at law, such is not the case in equity, the statutory remedy being cumulative only."

Appellant's next insistence for reversal is that the partition in kind contained in the third report of the commissioners was a partition directed by the court and not a partition made in the exercise of the commissioners' best judgment. This contention is based upon the assumption that a chancery court, in partitioning lands, is compelled to do so by the adoption of the report of the commissioners appointed by it to divide the land in kind. This is not the law. Commissioners appointed to divide lands in kind are arms or agents of the court for the purpose of making a division under the order and direction of the court. It is the duty and province of chancery courts to partition lands among those interested therein justly and equitably upon proper petition and may use commissioners for that purpose, but are not required to accept as absolute a division made by commissioners. The division and report made by the commissioners can only be regarded as advisory to the court. Chancery courts may order a sale of property if necessary to effect an equitable division thereof among the owners upon evidence other than and wholly independent of a report of commissioners. *Moore* v. *Willey, supra; Glasscock* v. *Glasscock*, 98 Ark. 151.

Appellant's last insistence for reversal is that the partition in kind made by the commissioners under direction of the court was prejudicial to him for the reason that the tract assigned to him was so small it was not marketable at a fair value in that locality. The evidence is in conflict as to whether the 13 1-3 acre tract assigned to appellant would sell on the market for as much per acre as it would sell for if sold as a part of the whole tract, or if sold in 40-acre tracts.

The entire tract was appraised at $20 per acre. There was much evidence tending to show that the 13 1-3 acre tract would readily sell upon the market for as much as the appraised value per acre of the 160-acre tract. In fact, appellees offered in open court to pay appellant $20 an acre for the tract, which he refused to accept. We have read the evidence carefully bearing upon the market value of the 13 1-3-acre tract, and are convinced that the finding of the chancery court to the effect that no prejudice resulted to appellant in the partition in kind is sustained by a preponderance of the evidence.

The decree is therefore affirmed.