BROWN *v.* MITCHELL.

5-1351                                                     305 S. W. 2d 854

Opinion delivered October 21, 1957.

*James C. Cole,* for appellant.

*Henry B. Means,* for appellee.

MINOR W. MILLWEE, Associate Justice. This is a suit by appellees to vacate an order disapproving and setting aside a sale of a portion of the property involved in a partition suit brought by the appellants. The chancellor on exchange sustained the motion to vacate and this appeal followed.

The pleadings, stipulations and admissions of the parties disclose the following facts. In the suit brought by appellants a decree of partition was entered March 16, 1954, a day of the December, 1953, term of court. The three appellees were highest bidders as to two of the several tracts subsequently sold pursuant to said decree. Judge James A. Rowles, the regular chancellor, took no formal action on the reports of sale at the next two regular days of the December term of court. On July 6, 1954, a day of the June term of court, the chancellor announced that he would act on the reports of sale the next day. On July 7, 1954, Judge Rowles, who resides at Benton, Arkansas, announced in open court his disapproval of all

the reports of sale; that he was setting aside the decree of partition to the extent of requiring a new hearing to determine if said lands should be sold; and that he would take the docket sheet and file with him for the purpose of preparing the order. Judge Rowles became ill and did not hold court again in Hot Spring County prior to December 31, 1954, when his term expired.

Shortly after January 1, 1955, Judge F. D. Goza, who succeeded Judge Rowles, obtained from the latter and returned to the clerk's office the court files in the case which contained a written order dated July 7, 1954. The order recited that the partition sales were contrary to the law, the court's order, all interests of the litigants and a constructive fraud upon the court. The sales were ordered set aside and it was further directed that another hearing be had to determine whether a sale of the property should be held. No appeal was taken from this order but in January, April and October, 1955, appellees filed verified motions to set it aside and asking that the Commissioner be ordered to deliver deeds to appellees. On April 20, 1957, a day of the December, 1956, term of court, the chancellor on exchange sustained appellees' motion to vacate the order of July 7, 1954, "for the reason that it was entered without notice to any of the parties, and without pleadings or evidence to warrant the entry of the order."

We agree with the trial court's finding that the order of July 7, 1954, was void and ineffective insofar as it ordered another hearing to determine whether or not a partition sale or sales should be held. It is noted that the original partition decree of March 16, 1954, ordered sale of the lands in question and the court lost jurisdiction to set aside this portion of the decree upon the lapse of the December, 1953, term of court except under some proceeding pursuant to Ark. Stats., §§ 29-506, *et seq.* No such proceeding was ever instituted as to the original partition decree which was never appealed. But the court's power to confirm or disapprove the reports of sale which had not then been acted upon did not cease upon the lapse of the December term.

We are of the opinion that the trial court incorrectly held the order of July 7, 1954, void insofar as it disapproved and set aside the partition sales held in April and May, 1954. A purchaser at a judicial sale becomes a party to the proceedings and subject to the orders of the court, and such sale is not complete until confirmed by the court. *Miller* v. *Henry*, 105 Ark. 261, 150 S. W. 700. The trial court may confirm or refuse to confirm a partition sale in the exercise of sound judicial discretion. In reviewing such action to see if there has been an abuse of such discretion, we do not substitute our own decision for that of the trial court, but merely review the case to see whether the decision was within the latitude of decisions which a judge or court could make in a case like the one reviewed. *Mulkey* v. *White*, 219 Ark. 441, 242 S. W. 2d 836. According to the stipulation of the parties, appellees were fully apprised of the proceedings taken at the various sessions of court with reference to the reports of sale prior to and including the judgment rendered July 7, 1954, and filed in the clerk's office early in January, 1955. Instead of appealing from said order, appellees filed motions to set it aside on the ground that the removal and withholding of the files by Judge Rowles amounted to an unavoidable casualty which prevented them from appearing and defending the entry of the order.

But the record evidence does not sustain appellees' plea of unavoidable casualty, nor was such plea upheld by the trial court. In *Parker* v. *Sims*, 185 Ark. 1111, 51 S. W. 2d 517, we reaffirmed the following rule announced in *Trumbull* v. *Harris*, 114 Ark. 493, 170 S. W. 222: "It is the duty of a litigant to keep himself informed of the progress of his case, and a party seeking relief against a judgment on the ground of unavoidable casualty or misfortune preventing him from defending must show that he himself is not guilty of negligence, and he cannot have relief if the taking of the judgment appears to have been due to his own carelessness." There was no concealment of the proceedings from appellees by Judge Rowles. On the contrary it appears that he went out of his way to apprise them of his actions and that their failure to ap-

pear and contest the proceedings was due to their own carelessness or lack of interest.

That part of the decree appealed from which holds the order of July 7, 1954, void insofar as it directed another hearing to determine whether a partition sale or sales should be held is affirmed. But that portion of the decree which held the order of July 7, 1954, void insofar as it disapproved and set aside the partition sales is reversed and the cause remanded with directions to proceed with a resale of the lands in question.