SEAY *v.* SEAY.

5-3402                                    384 S. W. 2d 466

Opinion delivered December 14, 1964.

*Clark, Clark & Clark,* for appellant.

No brief filed for Appellee.

SAM ROBINSON, Associate Justice. This is an appeal from the action of the Chancellor in denying appellant's petition that a life estate be declared terminated.

On the 19th day of December, 1960, Floyd G. Seay and Mary Delon Seay were divorced in Wichita County, Texas. Several children had been born of the marriage. In connection with the divorce case, and pursuant to the decree therein, Floyd G. Seay conveyed to Mary Wilma Seay, a life estate in about 79 acres of land with the remainder to six children of the parties. There is a house on the land and it is located in Faulkner County, Arkansas. The deed from Seay to Mrs. Seay and the children is as follows:

"KNOW ALL MEN BY THESE PRESENTS:

"That I, Floyd G. Seay, of lawful age and unmarried, for and in consideration of the sum of Ten Dollars ($10.00) and other consideration to me in hand paid by Mary Wilma Seay, Floyd Wayne Seay, Morris Delon Seay, James L. Seay, Phil E. Seay, Mark E. Seay, and Joseph P. Seay, the receipt of which is hereby acknowleged, do hereby grant, bargain, sell and convey unto the said Mary Wilma Seay, for and during her natural life, with remainder therein after her death unto the said Floyd Wayne Seay, Mark E. Seay, and Joseph P. Seay, and unto the heirs and assigns of said remaindermen forever, the following described lands situated in Faulkner County, Arkansas, to-wit:

"The west one-half (W½) of the southwest quarter (SW ¼) of Section Seventeen (17) Township Four (4) North, Range Fourteen (14) West, 80 acres, more or less.

"To have and to hold the same unto the said Mary Wilma Seay, for and during her natural life, with remainder therein after her death unto the said Floyd Wayne Seay, Morris Delon Seay, James L. Seay, Phil E. Seay, and Joseph P. Seay, and unto the heirs and assigns of said remaindermen forever, with all appurtenances thereunto belonging. And I do hereby covenant with said grantees that I will forever warrant and defend the title to said lands against all lawful claims whatever.

"Said grantee Mary Wilma Seay shall, during the life estate hereby vested in her, keep all taxes and special assessments coming due against said lands paid, and shall keep all improvements upon said property continuously and adequately covered by fire and extended coverage insurance for the benefit of herself and the remaindermen named herein, and upon her failure to pay said taxes and special assessments, and/or her failure to keep the aforesaid insurance in force, then her life estate shall terminate and title to said lands shall vest immediately in the aforesaid remaindermen."

On March 18, 1961, Katie Sellers, Mother of Mrs. Seay, filed a petition in the Probate Court of Faulkner County, Arkansas, for the appointment of a guardian for Mrs. Seay, alleging her to be incompetent. On March 25, 1961, letters of guardianship were issued naming Katie Sellers as guardian. On December 3, 1963, the children, Floyd Wayne Seay, Morris Delon Seay, adults, and James L. Seay, Phil E. Seay, Mark E. Seay and Joseph P. Seay, minors, by their next friend and Father, Floyd G. Seay, as remaindermen, filed the case at bar in the Faulkner County Chancery Court. The Complaint alleges that Mrs. Mary Wilma Seay has failed to pay the taxes and has failed to keep insurance paid as required by the deed conveying to her a life estate. The

prayer is that the court make a finding that the life estate has terminated by reason of the life tenant's failure to pay the insurance and taxes as required by provisions of the deed. The trial court denied the prayer of the complaint and the remaindermen have appealed.

The evidence shows that the life tenant has failed to pay the taxes and has failed to keep the insurance on the house in force. It appears that she is incompetent and perhaps will never be able to pay the taxes and insurance premiums. The house is vacant, and attempts to rent it have been unsuccessful because there is no water available.

The language in the deed is clear and explicit. The conveyance to Mrs. Seay was upon a conditional limitation. She took a life estate determinable upon the failure to comply with the provisions of the conveyance, that is, the failure to keep the taxes paid and the insurance in force. "An estate on special limitation is one which, by its terms, is to terminate automatically if a specified event occurs before the time at which the estate would otherwise normally terminate." Tiffany Real Property, Third Edition, Vol. 1, Sec. 217. "If a condition subsequent be followed by a limitation over in case the condition is not complied with, it is termed a 'conditional limitation,' and takes effect without any entry or claim, and no act is necessary to vest the estate in the party to whom it is limited." Thompson on Real Property, Vol. 4, Sec. 2165.

"A conditional limitation is therefore of a mixed nature, partaking both of a condition and of a limitation. It partakes of the nature of a condition because it defeats the estate previously limited, and of a limitation because, on the happening of the contingency, the estate passes to the person having the next expectant interest, without entry or claim." 19 Am. Jur. 557.

It is said in *John* v. *Lane,* 199 Ark. 740, 135 S.W. 2d 853: "In other words, the breach of a condition subsequent merely gives the grantor or his heirs the right to

secure a revesting of the former estate, so that, if no
steps are taken to secure a revesting, the estate granted
remains as before, while the happening of the event de-
scribed [as] a conditional limitation *ipso facto* deter-
mines the estate.''

In the case at bar it makes no difference whether the
provision in the deed requiring the life tenant to pay
the taxes and insurance premiums is a condition subse-
quent, in which event the next taker would have to take
affirmative action to terminate the life estate, or whether
it is a limitation, in which case the life tenancy expires
ipso facto upon the failure of the life tenant to comply
with the provision of the limitation. This is true because,
in the case at bar, those who have the next expectant in-
terest have taken action to have the fee vested in them.

Reversed with directions to enter a decree not in-
consistent therewith.