BOYD *v.* BRADLEY.

5-3486                                                      388 S. W. 2d 107

Opinion delivered · March 8, 1965.

[Rehearing denied April 12, 1965.]

*John G. Moore,* for appellant.

*Ike Allen Laws, Jr.,* for appellee. ·

ED. F. McFADDIN, Associate Justice. This appeal stems from a partition suit between the heirs of Wilson R. Sproles, who died intestate, a citizen and resident of Pope County, Arkansas, the admitted owner of the real estate herein involved; and this appeal from the Chancery Court is a companion case to *Boy* v. *Matthews,* No. 3485, this day decided, which is an appeal from the Probate Court.

On October 10, 1963, Ethel Bradley and Esther Matthews filed this partition suit, alleging, *inter alia*:

"1. That the Plaintiffs and Defendants are the owners as tenants-in-common of the following described lands located in Pope County, Arkansas, to-wit:

"Tract No. 1: The S ½ of the S ¼ of the NW ¼, containing 40 acres and the North 19.87 acres of the NE

¼ of the SW ¼ all in Section 5, Township 7 North, Range 18 West, containing in all 59 acres, more or less.

"Tract No. 2: The N ½ of the SW ¼ of Section 9, Township 7 North, Range 18 West, containing 80 acres more or less.

"Tract No. 3: The E ½ of the NW ¼ of Section 11, Township 7 North, Range 18 West, containing 80 acres more or less.[1] . . ."

The complaint stated the interest of each of the parties, plaintiff and defendant, in the lands, and also that no person, other than the plaintiffs and defendants, was interested in the lands. Some fifteen parties were named defendants as co-tenants with the plaintiffs. Three of the defendants (Mary Boyd, Ada Boyd, and Steve Etheridge) filed an answer resisting the partition suit until there was a final settlement in the Probate Court of the estate of Wilson Sproles. This administrtaion angle of the case is settled by our Opinion in *Boyd* v. *Matthews,* No. 3485, this day decided.

On June 13, 1964, after hearing the evidence, the Chancery Court entered a decree which (a) stated that all the heirs of Wilson Sproles were present or duly summoned in the cause; and (b) that the lands could not be divided in kind and the Commissioner should sell the lands after due notice, and then report his actions to the Court. On July 9, 1964, Ada Boyd gave notice of appeal from the said decree; but such appeal was never perfected within the time allowed (Ark. Stat. Ann. § 27-2127.1 [Repl. 1962]) and no extension is shown in the record; so there is no valid appeal from the decree ordering partition and it is too late now for the appellants to attack that portion of the decree of June 13, 1964 which found that all of the heirs of Wilson Sproles were present or duly summoned.

The reference to Tract No. 1 as first appeared herein shows that there was a typographical error in that it

---

[1] Attention is called to our emphasis in Tract No. 1. The other real estate of Wilson Sproles consisted of mineral rights which were vested in the parties in their respective interests and were not sold in the partition suit.

said the S ½ of the S ¼ of the NW ¼. On July 10, 1964, the Chancery Court entered an order[2] correcting the description of Tract No. 1 to be S ½ of *S* ½ of NW ¼.

On July 15, 1964, the Commissioner filed his report of sale which showed that on the 13th day of July, 1964, the sale had been conducted and that Mary Boyd became the purchaser of the three tracts as follows:

| | |
|---|---|
| Tract No. 1 | $ 5,000.00 |
| Tract No. 2 | 7,600.00 |
| Tract No. 3 | 2,000.00 |
| Total | $14,600.00 |

Ada Boyd filed exceptions[3] to the report of sale, and on August 6, 1964, the Court heard the report and the excep-

[2] "Now on this 10th day of July, 1964, comes on to be heard the Motion of the Plaintiffs to correct the description of Tract No. 1 as it appears throughout the pleadings in this cause and the court being well and sufficiently advised, doth find:

"That the correct description of Tract No. 1 should read as follows:

"The South (S ½) of the South Half (S ½) of the Northwest Quarter (NW ¼), containing 40 acres, and the North 19.87 acres of the Northeast Quarter (NE ½) of the Southwest Quarter (SW ¼), all in Section 5, Township 7 North, Range 18 West, containing in all 59 acres, more or less.

"IT IS THEREFORE CONSIDERED ORDERED AND DE-CREED BY THIS COURT that all pleadings in this cause should be changed to reflect the correct description."

[3] Ada Boyd's exceptions were as follows:

"1. Not all the owners of said lands are parties to this suit, either by personal service, entry of appearance or by warning order; and hence a conveyance by the Commissioner of this Court would not convey good title.

"2. Said lands were wrongfully and erroneously described in all the original pleadings, the original decree of this Court and the publication of notice of sale in the newspaper. No order of this Court could change the publication of notice.

"3. No order of this Court can change the complaint of plaintiffs filed on the 10th day of October, 1963.

"4. The only method of which good title could be conveyed to any purchaser is by the filing of pleadings properly describing said lands and procuring an order of sale thereof according to law, and the advertisement of said lands for sale by proper notice as required by law.

"5. Mary Boyd, the purported purchaser of said lands at said sale, is a party to this suit only by publication of warning order and cannot be reached for personal judgment, hence, a resale of said lands is the only remedy."

Exception No. 1 is an attack on the decree of June 13, 1964; and since there was no timely appeal from the said decree, its findings, as to all parties being before the Court, are final.

Exceptions 2 to 5, inclusive, will be discussed in Topic I, *infra.*

tions and denied the exceptions and approved the report of sale and ordered the deed delivered to Mary Boyd upon payment by her of her bid of $14,600.00. From this order denying her exceptions and approving the report of sale, Ada Boyd gave notice of appeal on September 4, 1964. The record was filed in this Court on October 6, 1964, so Ada Boyd's appeal from the order denying her exceptions and approving the report of sale is duly before us.

On August 18, 1964, Ethel Bradley *et al.* filed "Motion for Judgment" wherein it was stated: (a) that Mary Boyd refused to pay the $14,600.00 for the lands purchased and had stopped payment on her check; and (b) that the land should be resold and judgment rendered against Mary Boyd for all expenses and losses on resale and such judgment should be a lien on Mary Body's interest in the partition. On September 2, 1964, the Court granted the motion for judgment and ordered a resale,[4] after hearing testimony. Although the record attorney for Ada Boyd and the present attorney for Mary Boyd was present at the hearing and cross-examined the witnesses, there was no notice of appeal from the order of September 2, 1964; and that is a most siginicant fact in this case.

On October 22, 1964, the Commissioner filed his report of sale, stating that in pursuance to the court order of September 2, 1964, the lands had been again offered for sale and that the highest and best bidder at such resale for all of the lands was Reece Allewine at a bid of $10,000.00. On October 30, 1964, Mary Boyd and Ada Boyd filed exceptions to that report of sale. These exceptions are:

---

[4] Before entering a formal decree the Court said: "There will be a judgment against Mary Boyd for $14,600.00, with 6% interest from the—8/13—that would be 30 days after date of sale, so interest will start running on the 13th, so 30 days will 8-13-64. We will give her ten days in which to satisfy that with interest. If she does not do so, it will be readvertised and sold by the commissioner under exactly the same terms and conditions as the previous sale and the net proceeds of the second sale, after the payment of all costs incident to the sale, including an additional commissioner's fee on it, will be applied to the satisfaction of this judgment . . ."

"1. This cause is now pending on appeal in the Supreme Court, and no action thereon should be taken by this court.

"2. They formally object to the order of sale as made September 2, 1964 for the same reason as given in No. 1 above.

"3. Not all the heirs of the said Wilson R. Sproles, deceased, are made parties to this suit.

"4. Not all claims against the estate of the said Wilson R. Sproles, deceased, have been determined by the Probate Court of Pope County.

"5. Raymond Webb, one of the parties hereto and an heir of the said Wilson R. Sproles, deceased, died during the process of this litigation, and neither the suggestion of his death filed herein, nor the order of revival suggests whether the said Raymond Webb died testate or intestate. If he died testate, the beneficiaries of his will would be necessary parties.

"6. These defendants are informed and believe; and upon such information and belief allege that nothing has been paid on the purchase price of said lands."

On November 16, 1964, the Chancery Court overruled the exceptions to the report of sale and confirmed the deed to Reece Allewine, which deed was exhibited, acknowledged, approved, and delivered, and to the order of November 16, 1964, Mary Boyd and Ada Boyd gave notice of appeal; and a supplemental transcript was filed in this same cause in this Court by stipulation of the parties in December 1964. So the exceptions of October 30, 1964, as above copied, are before us on this appeal by supplemental record, as also are the exceptions filed by Mary Boyd and Ada Boyd on August 6, 1964. The appellants, Ada Boyd and Mary Boyd, have listed four points on this appeal, which are:

"1. The first and main point to be relied upon on this appeal is the fact that the complaint does not properly describe the lands, and the lands were never adver-

tised for sale by correct description in partition proceedings.

"2. Not all of the alleged and known heirs of Wilson R. Sproles were served with any kind of process in this action.

"3. This action was never properly revived in the lower court as to the heirs of Raymond Webb, who is shown to have died while the partition proceedings were in process.

"4. The probation of the estate of Wilson R. Sproles has never been properly completed."

I.

The matter of the description regarding a portion of Tract No. 1 is entitled to first consideration. This is not a collateral attack, but is a direct attack. The complaint, and also the notice of the first sale[5] described the tract as "S ½ S ¼ NW ¼ . . . "; but on July 10, 1964 (three days before the first sale of the property) the Court entered an order correcting the description to be "S ½ S ½ NW ¼ . . ." The evidence before us shows that the mistake in the description was called to the attention of all the bidders before the Commissioner conducted the sale. There were a number of bidders at the sale: the Commissioner testified that there fifty-eight bids. In possession of full notice of the correction of the description before the sale, Mary Boyd bid $5,000.00 for Tract No. 1 and filed no exceptions to the Commissioner's report of sale to be approved and confirmed. It is true that Ada Boyd filed exceptions to the report of sale because of the matter of the description, but she did not show that she or any other person was misled or hurt, or that the price was affected in any way. In short, Ada Boyd did not show that her rights were adversely affected; and since the description was corrected three days before the sale, we hold that the Court committed no error in the order approving the sale to Mary Boyd. See *Cooper* v. *Ryan*, 73 Ark. 37, 83 S. W. 328; *Knight* v.

[5] On the second sale the tract was correctly described.

*Equitable Life Society,* 186 Ark. 150, 52 S. W. 2d 977; and 169 R.C.L. p. 134, ''Judicial Sales'' § 97. In 35 C.J. p. 23, ''Judicial Sales'' § 32, the holdings are summarized in this language: ''. . . but in some cases the court has refused to set aside a sale for irregularities in the notice, where such irregularities were in no way prejudicial to either the parties or the purchaser, especially where the price realized was adequate . . .''

## II. and III.

We have already disposed of appellants' second point in calling attention to the fact that the decree of June 13, 1964 stated that all of the heirs of Wilson Sproles were before the Court; and there has been no timely appeal from that decree. See *Cooper* v. *Ryan, supra.*

Appellants' third point relates to the death of Raymond Webb. This point is not presented in time because the decree of June 13th found that the widow and heirs of Raymond Webb were before the Court and there was no timely appeal from that decree. But even if the point had been presented in a timely appeal, still there is no merit to it. On June 10, 1964, Mrs. Raymond Webb filed a sworn pleading stating the death of her husband, Raymond Webb, and stating that he was survived by a wife, Mrs. Raymond Webb (also named Willard Webb), and three children, being Mary Saver, Katie Murdock, and Rita House. In the said pleading, it was asked that the cause be revived; Mrs. Willard Webb entered her appearance as special administrator; she and the three named children on the same day filed their appearances; and an order was made *that day* accomplishing the revivor; so there is no merit to the appellants' third point.

The appellants' fourth point is the claim that the estate was still pending in the Probate Court and therefore there should be no partition suit. There is no merit to this point, even if it had been raised in due time. The lands were released to the heirs early in the probate proceedings and there was no claim that the lands were ever

needed for the payment of debts. See Ark. Stat. Ann. § 62-2401 (Supp. 1963); *Cranna* v. *Long,* 225 Ark. 153, 279 S. W. 2d 828; and *Calmese* v. *Weinstein,* 234 Ark. 237, 351 S. W. 2d 437.

Finding no error, the decree is affirmed.