Ray BEST *v.* Judy WILLIAMS

77-380                                  566 S.W. 2d 133

Opinion delivered May 15, 1978
(Division I)
[Rehearing denied June 19, 1978.]

*Paul K. Roberts,* for appellant.

*John F. Gibson, Jr.,* for appellee.

GEORGE ROSE SMITH, Justice. This is a continuation of the partition suit that was before us in *Best* v. *Williams,* 260 Ark. 30, 537 S.W. 2d 793 (1976). After that decision the chancellor appointed three commissioners to effect the partition. They recommended that the appellee's life estate in one third of the total 210 acres be set aside to her as a life estate in a specified 70 acres. Upon objection to the commissioners' report the chancellor ordered that testimony be heard. After all three commissioners had testified, and after the appellant had offered to allow the appellee to select her life estate in any 70 acres that she chose, the court found that the land could not be divided in kind without great prejudice to the owners. The court ordered that the land be sold by the circuit clerk as the court's commissioner.

Upon the principal question, the court was right in refusing to accept the commissioners' recommendation that the land be divided in kind. The recommendation was merely advisory and not binding upon the chancellor. *McGehee* v. *Oxner,* 150 Ark. 618, 234 S.W. 989 (1921). Of the total 210 acres, which was in three separate tracts, 150 acres was timberland. The 70-acre tract to be set aside to the appellee for life was primarily timberland. Although one commissioner testified that it was worth as much as cleared land for investment purposes, that is not the proper test when a life estate is involved, because a life tenant cannot sell the timber. *McCarroll* v. *Falls,* 129 Ark. 245, 195 S.W. 387 (1917). The chancellor correctly stated after the hearing that to award Mrs. Williams a life estate in 70 acres of timberland would be in effect to award her nothing.

The appellant also argues that the chancellor erred in naming the circuit clerk as the commissioner to conduct the sale. By statute the circuit clerk is designated as the clerk of the chancery court (except in Pulaski County) and as its ex officio commissioner. Ark. Stat. Ann. § 22-441 (Repl. 1962). Even though the partition statute contemplates that the sale be made by the three commissioners, at least when they recommend a sale, Ark. Stat. Ann. § 34-1826 (Repl. 1962), we will not reverse the decree merely because the clerk was appointed to make the sale, no possibility of prejudice being suggested.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.