Lynn Carl MIDDLETON, Joyce L. Middleton, Kenneth G. Middleton, Law Office of Christopher O'Hara Carter *v.* Geraldine LOCKHART, Mildred M. Anderson, Joyce M. Henson, Jessie J. Brewer

04-473

Supreme Court of Arkansas
Opinion delivered October 20, 2005

[Rehearing denied December 1, 2005.*]

---

* GLAZE, J., would grant rehearing.

*Appellant*, Kenneth G. Middleton, pro se.

*Martin Law Firm, P.A.*, by: *Thomas A. Martin*, for appellants.

*Davis & Goldie*, by: *Steven B. Davis*, for appellees.

BETTY C. DICKEY, Justice. This appeal arises from an order of the Circuit Court of Newton County directing that all the fees awarded pursuant to Ark. Code Ann. § 16-61-109 (1987) were to be paid by the plaintiffs and taxed as costs against the defendants, Kenneth G. Middleton and Lynn Carl Middleton, Kenneth Middleton's brother. This case has been on appeal before this court on two prior occasions. *See Middleton v. Lockhart*, 344 Ark. 572, 43 S.W.3d 113 (2001) (*Middleton I*); *Middleton v. Lockhart*, 355 Ark. 434, 139 S.W.3d 500 (2003). Now, appellant Lynn Carl Middleton asserts on appeal that the circuit court erred when it assessed as costs to the defendants the fees awarded pursuant to § 16-61-109, because such an award of costs was specifically precluded by an earlier decision of this court. In addition, appellant Kenneth G. Middleton filed a *pro se* brief asserting (1) that the circuit court erred in granting opposing counsel's motion for the appointment of attorney under Rule 17(c) to represent appellant and (2) that this court should remove Judge John Lineberger on the basis of bias. We find no error and affirm.

We reiterate the facts as they were set forth in our opinion in the direct appeal. *Middleton I, supra.* On February 22, 1991,

Kenneth G. Middleton was convicted of the first-degree murder of his wife, Katherine, and sentenced to life without parole for the murder, plus 200 years for armed criminal action. On February 27, 1991, Kenneth entered into a contract to convey a tract of land known as the Middleton homeplace to Lynn Carl Middleton, Kenneth's brother. On March 7, 1991, a warranty deed conveying the land was filed. Additional transactions around this same time make it clear Kenneth was liquidating his assets. On March 11, 1991, Kenneth sold his cattle for $19,000. On March 26, 1991, Kenneth conveyed 265 acres of land to Rocky Lee McCutcheon and Sheila Marie McCutcheon.

Prior to these transfers, Kenneth had been sued on July 19, 1990, by Katherine's siblings in a wrongful-death action. Trial of the wrongful-death action in Missouri was set for May 26, 1992. On the day of trial, no one appeared on behalf of Kenneth, which resulted in a judgment against him for $1,350,000. *Lockhart v. Middleton,* 863 S.W.2d 367 (Mo.Ct.App.1993). The trial court concluded there was ample evidence Kenneth transferred or conveyed all, or substantially all, of his assets as of early 1991, and that due to Kenneth's refusal to comply with discovery, the record did not reflect what, if any, assets he might have retained. The court then considered the transfers and found the conveyance of the 265 acres was for a reasonably equivalent value. Thus no claim of resulting insolvency could be made as to this transfer. However, the trial court found that the Middleton homeplace was not transferred for a reasonably equivalent value. The trial court then found Kenneth abandoned any homestead right he claimed when he murdered his wife and ordered the Middleton homeplace sold at execution sale.

Both Kenneth and his brother, Lynn, raised an asserted marriage homestead-exemption of Kenneth and Katherine as a defense to execution on the Middleton homeplace. Kenneth and Katherine were married in April of 1974. At that time, Kenneth already owned the tract of land referred to as the Middleton homeplace, which is located in Newton County. When the land was conveyed to him in 1973, he noted on the deed that he would offer the land to a brother or sister before it would be sold to anyone else. This deed also contained a provision reserving the right to live in the house to Oshia Middleton for the remainder of her life. The land was in Kenneth's name and remained so until Kenneth transferred it shortly after his conviction. During the marriage, a 1,663 square foot home and a 2,800 square foot metal building were erected on the Middleton homeplace. In consider-

ing the claim of a homestead exemption, the trial court found a lack of evidence to show an exemption based upon head of household, and found there was conflicting evidence on whether the exemption might be based on marriage. The trial court concluded that whatever interest Kenneth had in the Middleton homeplace as a result of his marriage, he abandoned it when he terminated his marital interest by murdering his wife. The trial court awarded Kenneth's attorney a reasonable attorney's fee pursuant to Ark.Code Ann. § 16-61-109 (1987) in the sum of $14,996.93, to be paid by appellees, and taxed the attorney's fees as costs to Kenneth and Lynn.

In *Middleton I* we held, among other things, that § 16-61-109 provides that the attorney's fees for Kenneth's attorney are to be paid by the plaintiffs, since Kenneth is a prisoner and was represented by appointed counsel. However, we also held that the trial court could use its equitable power to assess costs differently because an award of costs is within the sound discretion of the trial court. *Middleton v. Lockhart*, 344 Ark. at 585, 43 S.W.3d at 122.

■ Lynn Middleton asserts in the current appeal that in *Middleton I* this court specifically precluded the circuit court from assessing as costs to the defendants the fees awarded pursuant to § 16-61-109. While this court did determine that the statute provides that attorney's fees are to be paid by the plaintiff, we also recognized that the trial court had sound discretion in awarding costs. *Id.* We explained further that the court could determine that costs were to be taxed against the Middletons under the trial court's right of assessing costs *in equity. Id.* The circumstances surrounding this case would have allowed Kenneth, who was involved in fraudulent transfers and a scheme to retain homestead benefits after murdering his wife, and Lynn, a party to the improper transfer of the Middleton homeplace, to escape the burden of having to pay the fees resulting from this lawsuit. The burden would have been on the victim's family to pay his costs. The circuit court was clearly exercising its equitable power when it ordered that all the fees be taxed as costs against the defendants, Kenneth G. Middleton and Lynn Carl Middleton, and we affirm its decision.

■ Kenneth states that the circuit court erred in appointing Drew Pierce to represent him and in denying his motion for appointment of "conflict free counsel." Kenneth asserts that he made a motion requesting that Drew Pierce, his appointed attorney, be removed from appellant's case and replaced by "conflict free counsel" under Rule 17(c) of the Arkansas Rules of Civil

Procedure. He claims that "after several months, that motion was denied." However, no such motion is included in the record and the appellant did not include the motion or any judgment in an abstract. While there is a notation on the docket from the circuit court that a motion for "conflict free counsel" was made, there is no record of a judgment or order on that motion. There is also no record that the motion was made twice, as appellant alleged. A simple docket notation cannot be used to fill a deficiency in the record as it is not an entry of judgment. *Hollaway v. Berenzen*, 208 Ark. 849, 188 S.W.2d 298 (1945). While this court has allowed a docket notation to preserve an issue for appeal, it was in a limited case where the docket specifically stated "motion to suppress denied." *Barcenas v. State*, 343 Ark. 181, 33 S.W.3d 136 (2000). It is well established that the abstract is the record for purposes of appeal, and the appealing party has the burden to provide a sufficient record and abstract. *Boatmen's Trust Co. of Arkansas v. Housing Authority of City of North Little Rock*, 346 Ark. 192, 57 S.W.3d 132 (2001). A *pro se* defendant must abide by the same abstracting standards as any other licensed attorney. *Hooker v. Farm Plan Corp.*, 331 Ark. 418, 962 S.W.2d 353 (1998). This court will not reach the merits of an issue when the documents or proceedings that are necessary for an understanding of the issue are not abstracted. *Boatmen's Trust Co. of Arkansas v. Housing Authority of City of North Little Rock, supra.* Furthermore, if a motion was filed, it is the appellant's obligation to obtain a ruling in order to properly preserve an issue for review. *Huddleston v. State*, 347 Ark. 226, 61 S.W.3d 163 (2001). Because there is not proper documentation of the motion for "conflict free counsel," or a judgment on such a motion, it has not been properly preserved for appeal.

■ ■ For the final point on appeal, Kenneth stated very simply in his brief that "considering all the above facts" Judge Lineberger should be removed from the case and a non-biased judge should be appointed. This argument was not preserved for appellate review. The argument alleging judicial bias is not preserved when there was not an objection based on the bias of the judge or a motion for the trial judge to recuse. *Southern Farm Bureau Cas. Ins. Co. v. Daggett*, 354 Ark. 112, 118 S.W.3d 525 (2003). There is no record of a prior objection or motion regarding a problem with the trial judge. Because the argument was not properly preserved for appeal, we will not address the merits of this issue.

Affirmed.