2010 Ark. App. 98

**Raymond VAUGHN, Appellant**

v.

**Patricia BATES, Danny Vaughn, Joanne Vaughn, Gerald Driggers, Jo-Nell Driggers, Ricky Vaughn, and Linda Vaughn, Appellees.**

No. CA 09–712.

Court of Appeals of Arkansas.

Feb. 3, 2010.

Rehearing Denied March 10, 2010.

Raymond Vaughn, pro se.

Eric Glen Hughes, Arkadelphia, Philip Bradley Montgomery, Hot Springs, for appellees.

ROBERT J. GLADWIN, Judge.

Appellant Raymond Vaughn files this pro se appeal of the final order directing the commissioner to execute a deed, approve attorney's fees, and disburse funds filed in the Pike County Circuit Court on March 10, 2009, and the amended final order filed on April 2, 2009. He attempts to argue five points on appeal: (1) that the circuit court had no statutory jurisdiction to award costs and attorney's fees; (2) that the circuit court exceeded its authority by not including in the commissioner's deed the interest to which the co-tenancy is subject; (3) that the circuit court had no authority under Arkansas Rule of Civil Procedure 60 to amend its order, after relying upon the complaint and preparation of notices, when the sale included land not owned by the co-tenancy; (4) that the circuit court had no authority after ninety days, under Rule 60, to amend its order to set a new date for sale where the commissioner did not request a new date; (5) that the circuit court lost jurisdiction by not complying with the partition statute regarding the appointment of commissioners. Holding that appellant's arguments are either without merit or not preserved, as discussed below, we affirm.

*Facts*

Prior to his death, Mr. Hilrey Vaughn conveyed certain property to his children, Larry Vaughn, appellees Danny Vaughn, JoNell Driggers, Ricky Vaughn, and appellant Raymond Vaughn in 1/5 undivided shares. Appellee Patricia Bates, the surviving spouse of Larry Vaughn, obtained her 1/5 undivided interest in the disputed property by devise from her deceased spouse. Because the parties were unable to agree to the disposition of the property, Ms. Bates filed a partition action on January 10, 2007.

Appellant filed his answer on February 23, 2007. The circuit court ordered partition in its order filed on October 31, 2007, which indicated that each party was the owner of an undivided 1/5 interest, that the property was not susceptible to division in kind, and also appointed the clerk of the court as commissioner and specified that the sale occur no sooner than ninety days and no later than 120 days from the date of the order. No sale occurred during that time. The first amended order for partition was filed on May 20, 2008, setting the date of sale for June 6, 2008, but again, no sale occurred. A subsequent order filed on June 23, 2008, postponed the sale until September 8, 2008, but again, the sale did not occur. Yet another order was filed on September 30, 2008, that postponed the sale until October 30, 2008, at which time the sale was completed.

The circuit court filed an order confirming the partition sale on December 18, 2008, setting forth that the property was sold to appellee Ricky Vaughn for $220,000. The final order directing the

commissioner to execute a deed, approve attorney's fees, and disburse funds was filed on March 10, 2009, with an amended final order being filed on April 2, 2009, after it was discovered that there was a mistake in the description of the property—specifically that it did not include a "less and except" provision. In the amended final order, the circuit court corrected the property description and noted that it did so with the concurrence of the successful bidder, who in turn would receive less property. Appellant filed a notice of appeal on April 9, 2009. This appeal followed.

### I. Authority to Award Attorney's Fees and Costs

█ The Arkansas partition statute, which includes Arkansas Code Annotated section 18–60–419(a)(1) (Repl.2003), provides that the circuit court shall allow a reasonable attorney's fee to the attorney bringing the suit. Because the court is unable to determine a "reasonable fee" until all work on the case is essentially complete, the award is determined at, or near, the time of the judgment. Rule 54(e)(2) of the Arkansas Rules of Civil Procedure sets a time limit during which motions for attorney's fees may be filed, providing that they be awarded pursuant to a motion filed and served no later than fourteen days after the entry of the judgment. Appellant maintains, however, that in the partition statute at section 18–60–419(a)(1),₄ there is no provision for attorneys to receive fees or costs after the judgments *to be paid by anyone other than the client(s)*. (Emphasis added.)

█ Appellee Bates notes that the record in this case proves that appellant failed to preserve any error for appeal. Recently in *Rye v. State*, 2009 Ark. App. 839, 373 S.W.3d 354, this court reiterated that our law is well settled that we will not consider issues raised for the first time on appeal, even constitutional ones, because the trial court never had the opportunity to rule on them. Moreover, the record does not contain any pleading, motion, or argument that shows that appellant objected to or opposed in any way any order entered by the circuit court. In *Middleton v. Lockhart*, 364 Ark. 32, 216 S.W.3d 98 (2005), our supreme court held:

> It is well established that the abstract is the record for purposes of appeal, and the appealing party has the burden to provide a sufficient record and abstract. A pro se defendant must abide by the same abstracting standards as any other licensed attorney. This court will not reach the merits of an issue when the documents or proceedings that are necessary for an understanding of the issue are not abstracted.

*Id.* at 37, 216 S.W.3d at 101 (internal citations omitted). Appellant questions the award of attorney's fees, but the record fails to show any objection by appellant to the award of fees. Additionally, appellee Bates correctly indicates that appellant includes matters in his Addendum that are not part of the official record, such as (1) pages 4–10, the warranty deed for the property and his answer, (2) pages 2–29, an order from 1971 and a warranty deed from 1974, and (3) his non-filemarked notice of appeal. She cites *Gibbs v. Hensley*, 345 Ark. 179, 44 S.W.3d 334 (2001), for the proposition that issues outside the record will not be considered on appeal.

█ ₅Alternatively, appellee Bates correctly indicates that the circuit court entered its final order on March 10, 2009, which was later amended on April 2, 2009, for purposes of correcting the legal description of the property sold. That final order directed the commissioner to execute the deed to the successful purchaser and disburse funds, including an award of

attorney's fees. Appellee Bates asserts that the final, appealable order in this case was the one filed on April 2, 2009, which directed the commissioner to disburse funds to the parties as their interests appeared from the evidence. *See* Ark.Code Ann. § 18–60–412(a) (Repl.2003). Until the final order to disburse the proceeds of the sale to the parties as their interests appeared, the circuit court was at liberty to reconsider prior rulings and decisions. *Looney v. Looney*, 336 Ark. 542, 986 S.W.2d 858 (1999).

▆ The other appellees agree, stating that an order of partition and the appointment of a commissioner does not conclude the partition matter or finally resolve the matters regarding the parties involved. In *Looney*, our supreme court found that the initial order of partition is not final and does not bind the parties, and it is not conclusive of the parties' respective rights. The "final" order is the order directing the commissioner to execute a deed. Accordingly, Rule 60 does not apply and does not limit the circuit court from reconsidering a preliminary order of partition any time prior to the entry of the final judgment. Because the final order had not been entered at the time that the initial order of partition was reconsidered, the circuit court was within its authority to amend the initial order and enter an amended order.

▆ ⌊6Regarding the timing of the motion for attorney's fees, the motion for fees was filed prior to the entry of the final judgment, and the award of attorney's fees was made contemporaneously with the final, appealable judgment. Accordingly, the policy behind the Rule 54 time limit was preserved. The Addition to Reporter's Notes, 1997 Amendment, states that one purpose of the provision is to assure that the opposing party is informed of the claim before the time for appeal has elapsed. Here, all parties were served with the motion for attorney's fees prior to the final order that declared the rights, title and interests of all the parties, and each party had an opportunity for adversary submissions. *See* Ark. R. Civ. P. 54(e)(3).

To reiterate, the record indicates that appellant filed no such adversary submission, yet he now argues that the circuit court lacked jurisdiction to award the fees. He is mistaken. The partition statute codified at Arkansas Code Annotated section 18–60–419(a)(1) specifically directs the circuit court to award a reasonable attorney's fee, to be taxed as costs, to the attorney who brought the partition suit. In the instant case, the motion for those fees was timely filed prior to the entry of the final, appealable order consistent with the relevant statutes and rules. We affirm on this point.

## II. Authority to Determine Appellant's Interest

▆ Appellant next challenges the circuit court's authority to determine interest beyond the evidence presented. He submits that, although appellee Bates did not indicate his equitable life-estate interest in the rental house on the property, she did include as an exhibit to her ⌊7pleadings the deed to the subject property. He states that his answer to the complaint made the circuit court aware of that equitable life-estate interest and argues that there was no issue concerning his interest. He notes that no amended complaint was filed in this matter. Appellant maintains that the circuit court's action in not including the equitable life-estate interest to which the property is subject is not "sustained by the evidence."

Appellee Bates notes that the record does not include any pleading, motion, or argument of counsel relating to a co-tenan-

cy. *See Middleton, supra.* Moreover, the complaint for partition alleged, and the circuit court found, that the parties to the action each held a 1/5 undivided interest in the subject property. Although appellant cites to matters outside the record on appeal, issues outside the record will not be considered on appeal. *See Gibbs, supra.* Appellee Bates also indicates that the issue appellant attempts to raise is one of a conditional limitation. *See Seay v. Seay,* 238 Ark. 808, 384 S.W.2d 466 (1964). Because appellant has failed to present a record with sufficient information regarding an equitable life estate in the rental house to demonstrate error on the part of the circuit court, we affirm on this point.

### III. Jurisdiction to Amend Order

Appellant challenges the circuit court's authority to amend its final order, citing Rule 60 of the Arkansas Rules of Civil Procedure regarding the circuit court's ability to correct errors or mistakes or prevent the miscarriage of justice within ninety days of the judgment. He notes that after that time period, a circuit court may still correct clerical mistakes in the judgment or record, and acknowledges that the circuit court may still correct the record to conform to what really occurred. *See Boyd v. Bradley,* 239 Ark. 120, 388 S.W.2d 107 (1965) (decreeing that all pleadings be changed to reflect the correct property description after noting that the rights of the parties were not affected by the change and that a number of people had bid on the property at the sale after having been provided the correct property description). *But see First Nat'l Bank of Lewisville v. Mayberry,* 368 Ark. 243, 244 S.W.3d 676 (2006) (holding that the circuit court could not, after the sale, correct an error made by the attorney as to the bid and purchase price).

Appellee Bates maintains that the circuit court amended the final order within ninety days to correct the error that was contained in the complaint for partition, report of partition sale, and order confirming partition sale. The specific error was related to a "less and except" provision on the property description. Because of the error, the property sold at the partition sale was actually a lesser amount of property than was described in the partition proceeding, and presumably would have otherwise resulted in a lower bid. Appellee Bates notes that the record fails to show any objection by appellant to the motion to amend the order, thus he failed to preserve this issue as well. *See Middleton, supra.*

Moreover, he failed to argue at the circuit court level, and fails to argue here as well, that he or any person was misled or hurt, or that the price was affected in any way, and he did not show that his rights were adversely affected. *See Boyd, supra.* Courts refuse to set aside sales for irregularities in the notice, where such irregularities are in no way prejudicial to either the parties or the purchaser, especially where the price realized was adequate. *Id.* Rule 60(d) provides that no judgment against a defendant shall be set aside under the rule unless the defendant, in his motion, asserts a valid defense to the action and, upon hearing, makes a prima facie showing of that defense. Our review of the record indicates that appellant neither filed nor otherwise made a response to the motion to amend the order. He made no objection thereto and asserted no valid defense.

In his reply brief, appellant states the missing "less and except" provision leaves the court without jurisdiction if not amended. He submits that appellee Bates, having control of the case as the plaintiff, could have amended up to sub-

mission pursuant to Rule 15 of the Arkansas Rules of Civil Procedure. He states that the notice of partition, report of partition sale, and order confirming partition sale are all the result of the September 30, 2008 order that postponed the sale until October 30, 2008, and he claims that order was void because of the previous loss of jurisdiction and the error in description. Appellant argues that the circuit court never re-acquired jurisdiction and it could not correct the error in the description after ninety days. We disagree and hold that the circuit court properly amended the order pursuant to Rule 60.

### IV. Jurisdiction to Amend Order When Not Requested

Appellant challenges the circuit court's authority to amend its final order. His entire argument on this point consists of a statement that, after ninety days from the judgment, without modification of the order, the circuit court lost jurisdiction, citing *Brown v. Mitchell,* 228 Ark. 106, 305 S.W.2d 854 (1957), and *Wright v. Ford,* 216 Ark. 55, 224 S.W.2d 50 (1949).

Appellee Bates again notes that the record does not reflect any opposition to the amended order by appellant. *See Middleton, supra.* Additionally, she correctly notes that the circuit court had jurisdiction to amend its order resetting the date of the sale, as the initial order of partition is not a final order from which an appeal can be taken. *Looney, supra.* Prior to a final judgment, the circuit court is at liberty to reconsider its prior rulings and decisions. *Id.* We agree and affirm on this issue.

### V. Loss of Jurisdiction for Failure to Adhere to Partition Statute

Appellant's sole comment on this issue is that the circuit court's authority to act comes from the partition statute and from no other source. No supporting argument or authority is provided.

Once again, appellee Bates notes that the record does not indicate that appellant preserved this issue for appeal. *See Middleton, supra.* We agree that this argument is not preserved for review.

Alternatively, Arkansas Code Annotated section 18–60–414 (Repl.2003), provides that "whenever any judgment of partition shall be rendered, the court may ... appoint ... commissioners...." In *Bell v. Wilson,* 298 Ark. 415, 768 S.W.2d 23 (1989), our supreme court held that the circuit court initially determines whether partition, either in kind or through sale, should be had. The statutory scheme is not inflexible and the appointment of commissioners for the division in kind is permissible. *Id.*

In this case, the circuit court determined that the property was not susceptible to division in kind and ordered the property to be sold. Appellee Bates argues that there was no need to appoint commissioners to make a division in kind and that the circuit court properly appointed the clerk of the court to serve as commissioner for the sale of the property. She maintains that it was not reversible error to appoint the circuit clerk to act in that capacity.

The other appellees assert that the key language in section 18–60–414 is the word "may," which the legislature used in this statute rather than the mandatory term, "shall." In *Bell,* the supreme court specifically held that the appointment of commissioners is permissive and not required under the law. In *Best v. Williams,* 263 Ark. 444, 566 S.W.2d 133 (1978), our supreme court held that while the partition statutes contemplate the sale being made by three commissioners, it is not reversible error for the circuit court to

name the circuit clerk to serve as a commissioner and conduct the sale. Such is exactly what occurred in the instant case.

In his reply brief, appellant attempts to argue failure to follow statutory procedure, law versus equity, and various issues under Amendment 80. He cites Arkansas Code Annotated section 18–60–414, which provides:

(a)(1) Whenever any judgment of partition shall be rendered, the court may, by rule or order, appoint not fewer than three (3) nor more than five (5) commissioners who are residents of the county in which the premises to be divided is situated to make the partition so adjudged, according to the respective rights and interests of the parties, as they were ascertained and determined by the court.

(2) On such rule or order, the court shall designate the part or shares which shall remain undivided, if any, for the owners whose interest shall be unknown and not ascertained.

(b) In case of death, resignation, neglect, or refusal to act of any of the commissioners to be appointed as aforesaid, before the duties, trust, and services required of them shall be completed, the court, or judge thereof in vacation, may appoint another commissioner, who shall be vested with the like powers and authority as if he or she had been originally appointed.

Appellant attempts to read "shall" into several places, and points out that appointing the circuit clerk with the help of an acting commissioner, appointed by the plaintiff, to receive commissioner's fees, denominated attorney's fees, is not included in the list of possibilities open to the circuit court.

He also attempts to distinguish *Best, supra,* by insisting that prejudice is inherent in this case because the circuit clerk was limited to a sale at the courthouse steps while other commissioners would not have been so restricted pursuant to Arkansas Code Annotated section 18–60–420 (Repl.2003). Appellant maintains that the clerk's acceptance of a commissioner's fee without statutory authority is an unconstitutional taking of property without due process of law, and further allowing the plaintiffs attorney to do the commissioner's job without said authority was not within the realm of the circuit clerk's fiduciary responsibility in this matter. It is undisputed that appellant failed to raise this issue at the circuit court level, thereby failing to preserve the issue for our consideration. We affirm.

Affirmed.

MARSHALL and BAKER, JJ. agree.