

Cite as 2015 Ark. App. 95

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-218

| | |
|---|---|
| | OPINION DELIVERED FEBRUARY 18, 2015 |
| SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY<br>APPELLANT/CROSS-APPELLEE | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION<br>[NO. 60CV-2011-2460] |
| V. | HONORABLE MACKIE M. PIERCE, JUDGE |
| STUART PARSONS<br>APPELLEE/CROSS-APPELLANT | AFFIRMED ON DIRECT APPEAL;<br>AFFIRMED ON CROSS-APPEAL |

**ROBERT J. GLADWIN, Chief Judge**

Southern Farm Bureau Casualty Insurance Company (SFB) appeals the circuit court's decision to set aside an interpleader order that allowed SFB to deposit insurance proceeds into the court registry and be discharged from liability. SFB's insured, appellee Stuart Parsons, cross-appeals from the dismissal of his bad-faith claim against SFB. We affirm on direct appeal and cross-appeal.

Parsons was seriously injured by an uninsured driver in October 2010. Upon undergoing extensive medical treatment, he made demand on SFB for $50,000 in uninsured-motorist (UM) benefits. SFB accepted the claim but did not pay the proceeds directly to Parsons. Instead, SFB filed an interpleader complaint naming Parsons and several of his medical-care providers as defendants. The complaint alleged that Parsons and the providers had competing claims to the UM benefits and that SFB should be permitted to deposit the

SLIP OPINION

$50,000 into the court registry and be discharged from liability.

Following a hearing, the circuit court entered the following order on November 9, 2011:

> On Motion of Plaintiff [SFB], and for good cause shown, the Pulaski County Circuit Clerk is hereby authorized to accept from Plaintiff a check or draft in the sum of $50,000.00 and to deposit the proceeds in an interest bearing account until further Order of this Court. Acceptance and deposit of the proceeds by the Pulaski County Circuit Clerk shall discharge Plaintiff of any liability in connection with the motorcycle/auto accident of October 30, 2010 that occurred in Searcy, White County, Arkansas, and the proceeds of Policy Number MV01131192.

After the order was entered, but before the court decided how to distribute the deposited proceeds, Parsons filed a motion on March 6, 2012, to dismiss SFB's interpleader action. The motion argued that SFB should have paid the $50,000 directly to Parsons instead of filing the interpleader complaint because, at the time the complaint was filed, no medical-care provider had filed a lien against the policy proceeds. Parsons also counterclaimed against SFB for breach of contract and bad faith, alleging that SFB had a duty to pay him the full UM proceeds; that, in filing the interpleader action, SFB placed the interests of his medical-care providers above his own interests; and that SFB dishonestly advised him that the interpleader was necessary due to requirements of Medicaid and Medicare, neither of which had provided benefits to him after his accident.

SFB responded that the circuit court lacked jurisdiction to vacate the November 2011 interpleader order because the order had been entered more than ninety days earlier. *See* Ark. R. Civ. P. 60 (2014). The court disagreed and, on August 1, 2012, set the interpleader order aside.

Once the interpleader action was dismissed, Parsons successfully moved for summary judgment on his breach-of-contract claim. He received, in addition to the full policy proceeds, penalties, interest, and attorney's fees pursuant to Ark. Code Ann. § 23-79-208(a)(1) (Repl. 2014). A subsequent order dismissed Parsons's bad-faith claim, and this appeal and cross-appeal followed.[1]

### Direct Appeal

SFB argues that the circuit court lacked jurisdiction to set aside the November 2011 interpleader order more than ninety days after it was entered. SFB cites Ark. R. Civ. P. 60(a), which reads as follows:

> (a) *Ninety-Day Limitation*. To correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk.

Under Rule 60(a), a circuit court generally loses jurisdiction to set aside or modify an order if it does not do so within ninety days of its being entered. *See Jordan v. Cir. Ct. of Lee Cnty.*, 366 Ark. 326, 235 S.W.3d 487 (2006); *Global Econ. Resources, Inc. v. Swaminathan*, 2011 Ark. App. 349, 389 S.W.3d 631.

As SFB correctly points out, the circuit court vacated the interpleader order

---

[1]While the case was pending, SFB filed a petition for a writ of prohibition in our supreme court, claiming that the circuit court lacked jurisdiction under Ark. R. Civ. P. 60 to vacate the interpleader order. The supreme court denied the writ on the ground that SFB had a remedy in the form of an ordinary appeal. *S. Farm Bureau Cas. Ins. Co. v. Parsons*, 2013 Ark. 322, 429 S.W.3d 215. We attempted to certify the present appeal to the supreme court as a "second or subsequent appeal following an appeal which has been decided in the Supreme Court." Ark. Sup. Ct. R. 1-2(a)(7) (2014). The supreme court rejected certification.

 

approximately nine months after it was entered, far beyond the ninety-day limit set forth in Rule 60(a). However, the court did not err because it vacated the interpleader order before a final judgment was entered in the case.

Prior to final judgment, a circuit court is at liberty to reconsider its previous, non-final rulings and decisions. *See Looney v. Looney*, 336 Ark. 542, 986 S.W.2d 858 (1999); *Vaughn v. Bates*, 2010 Ark. App. 98, 379 S.W.3d 1. The interpleader order in this case was not a final order. Interpleader permits a stakeholder who may be exposed to multiple liability to file an action naming as defendants all persons who may have claims against him. Ark. R. Civ. P. 22 (2014). Interpleader is a two-stage process. *See* David Newbern, John J. Watkins, & D.P. Marshall Jr., *Ark. Civ. Prac. & Proc.* § 7:9 (5th ed. 2010). In the first stage, the court considers the stakeholder's application for interpleader. *Id.* In the second stage, the claimants contest their entitlement to the stake. *Id.*

Here, only one stage had been completed when the circuit court vacated the interpleader order. The amount of proceeds due to each defendant had not yet been determined. *See generally Robinson v. Lindsey*, 2014 Ark. App. 287 (holding that an order that determines the liabilities or rights of fewer than all of the parties is not final). The court was therefore at liberty to set aside the interpleader order and was not bound by the ninety-day time limit in Rule 60(a).

### Cross-Appeal

The court's consideration of Parsons's bad-faith claim arose almost as an afterthought. During a hearing in which Parsons sought penalties, interest, and attorney's fees on his

contract action, he mentioned a discovery matter in connection with his bad-faith claim. SFB responded that Parsons could no longer recover for bad faith because he had accepted the policy proceeds. The court invited Parsons to respond to SFB's arguments, and his counsel stated to the trial judge, "I think you're very well versed on the applicable law, and I'll live with your ruling." The court later dismissed Parsons's cause of action for bad faith.

For reversal, Parsons does not argue the merits of his bad-faith claim. Rather, he contends that the court incorrectly dismissed his claim *sua sponte* without allowing him to present proof. *See Matsukis v. Joy*, 2010 Ark. 403, 377 S.W.3d 245. We do not reach the substance of Parsons's argument because he waived any challenge to the dismissal of his claim.

The record, as abstracted, shows that Parsons offered no real challenge to SFB's argument that his bad-faith claim was foreclosed by acceptance of the policy proceeds. In fact, Parsons told the court that he would "live with" the court's ruling. A party cannot complain on appeal that the trial court erred if he induced, consented to, or acquiesced in the court's position. *Adams v. Howard*, 2014 Ark. App. 328, 436 S.W.3d 473.

We therefore affirm the dismissal of Parsons's bad-faith claim.

Affirmed on direct appeal; affirmed on cross-appeal.

KINARD and BROWN, JJ., agree.

*Turner Law Firm, P.A.*, by: *Andy L. Turner* and *Ben C. Hall*, for appellant.

*Gibson Law Firm, PLLC*, by: *Jesse J. Gibson*, for appellee.